**Robert L. BRADFORD, Appellant,**

v.

**Emmet E. HARDING et al., Appellees.**

**No. 55, Docket 26214.**

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1960.

Decided Nov. 29, 1960.

**308**

Robert L. Bradford, New York City, appellant in person.

Charles H. Tenney, Corp. Counsel, New York City (Seymour B. Quel and Eugene J. Keefe, New York City, on the brief), for appellee Thomas L. Farrell.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y. (Richard S. Harrell, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for appellees other than Farrell.

Before CLARK, MAGRUDER and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge.

Appellant brought this action eight years ago in the Supreme Court of New York, Queens County, to recover damages for false arrest and imprisonment on a mail fraud charge which has already produced many reported [1] and still other unreported opinions. There were 54 defendants. These included the United States Post Office inspector and a New York City detective who arrested appellant upon a warrant, the United States marshal who took over his custody, the United States Commissioner who committed him, two United States Attorneys and an Assistant United States Attorney who prosecuted him, 46 members of federal grand juries that indicted him, and a United States District Judge who convicted him on his guilty plea. On September 25, 1952, the Assistant United States Attorney, the Commissioner, and twenty-three of the grand jurors joined in a petition for removal under 28 U.S.C.

---

1. See United States ex rel. Bradford v. Thompson, 2 Cir., 1951, 185 F.2d 1021; United States v. Bradford, 2 Cir., 1952, 194 F.2d 197, certiorari denied 1954, 347 U.S. 945, 74 S.Ct. 642, 98 L.Ed. 1093; D.C.S.D.N.Y.1954, 122 F.Supp. 915, affirmed 2 Cir., 1956, 238 F.2d 395, certiorari denied 1957, 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546; D.C.S.D.N.Y., 178 F.Supp. 709, affirmed 2 Cir., 1959, 272 F.2d 396, certiorari denied 1960, 361 U.S. 963, 80 S.Ct. 592, 4 L.Ed.2d 544.

§ 1442.[2] Three grand jurors who had then been served did not join in the petition. Neither did the postal inspector, the two United States Attorneys, the District Judge, or three grand jurors, all of whom were served thereafter.

Plaintiff promptly moved to remand on numerous grounds, including the failure of all defendants to join in the petition. Judge Byers denied the motion in an opinion which did not discuss that ground, Bradford v. Harding, D.C.E.D. N.Y.1952, 108 F.Supp. 338. In March, 1959, defendants moved for summary judgment; plaintiff cross-moved to remand on the ground stated. Chief Judge Bruchhausen granted defendants' motion and denied plaintiff's, D.C.E.D.N.Y.1959, 180 F.Supp. 855. Disclaiming any desire for review of the District Court's ruling on the merits, a disclaimer wise in view of Yaselli v. Goff, 2 Cir., 1926, 12 F.2d 396, 56 A.L.R. 1239, affirmed 1927, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395, and many other cases, plaintiff presses the point that the case should have been remanded because of failure of all the federal officers who had been served to join in the petition for removal.

■■ Plaintiff is not precluded from making this claim by laches, as the New York City detective contends on the basis of Fienup v. Kleinman, 8 Cir., 1925, 5 F.2d 137, and McKay v. Rogers, 10 Cir., 1936, 82 F.2d 795. Here plaintiff promptly moved for remand in part on

this very ground. Since the denial of his motion was interlocutory and unappealable, Davenport v. Procter & Gamble Mfg. Co., 2 Cir., 1957, 241 F.2d 511, 63 A.L.R.2d 1350, he was obliged to litigate in the federal court until final judgment, and thus cannot be charged with laches for doing so. On appeal from the final judgment, he may challenge the denial of remand, see 6 Moore, Federal Practice (1953 ed.), p. 55.

■■ Plaintiff bases his appeal on the long line of decisions that where removal is sought to be effected under the provisions of 28 U.S.C. § 1441(a), and its predecessors, whereby "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants * * *," all the defendants must join in seeking removal. This is so whether the ground of removal is diversity, Fletcher v. Hamlet, 1886, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679, or the existence of a federal question, Chicago, Rock Island & Pacific Ry. Co. v. Martin, 1900, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055.

Section 1442 of Title 28 providing for removal of a civil action or a criminal prosecution against an officer of the United States uses somewhat different language. Whereas § 1441 provides for removal "by the defendant or the defendants," § 1442 uses the more ambiguous "by them."[3] Moreover, it rests upon far

---

2. This provides, so far as material:

"§ 1442. Federal officers sued or prosecuted

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

\* \* \* \* \*

"(3) Any officer of the courts of the United States, for any Act under color of office or in the performance of his duties; \* \* \*"

3. The established interpretation of the general removal statute was rather easily reached under the Act of March 3, 1887, § 2, 24 Stat. 552, 553, as corrected by the Act of August 13, 1888, § 2, 25 Stat. 433, 434–35. For, in addition to the "by the defendant or the defendants" language used then and now as to the usual removal case, the 1887 Act provided for removal of separable controversy suits by "one or more of the defendants actually interested in such controversy" and for removal by "any defendant," being a citizen of a state other than that where suit was brought, of a

**310**

stronger considerations of policy. Section 1441 relates to the rights of individuals. Section 1442, although dealing with individuals, vindicates also the interests of government itself; upon the principle that it embodies "may depend the possibility of the general government's preserving its own existence." State of Tennessee v. Davis, 1880, 100 U.S. 257, 262, 25 L.Ed. 648.

When an action of the sort specified in § 1442 is brought against a federal officer and others, even the most literal reading would permit the federal officer alone to remove, as was held in Jones v. Elliott, D.C.E.D.Va.1950, 94 F. Supp. 567. For "by them" means "by any of the following persons" and the defendants who are not federal officers are not such persons. Moreover, the policy of the section would be frustrated if a plaintiff or a prosecutor, by joining non-federal defendants with no desire to remove, could retain the suit in a tribunal that might "administer not only the laws of the State, but equally Federal law, in such a manner as to paralyze the operations of the government." 100 U.S. at page 263.

These considerations of policy also require a construction in favor of removal where, as here, some persons entitled to join in the removal petition did not.[4] The "general government" must be able to assure each of its officers that a federal forum will be available if he wishes it, whether others sued with him wish it or no. This would scarcely be doubted if removal were sought here by the District Judge or the United States Attorney and a solitary grand juror declined to join. The antecedents of § 1442, see Hart & Wechsler, The Federal Courts and the Federal System, 1147–50, permitted removal by "the defendant," Act of Feb. 4, 1815, § 8, 3 Stat. 195, 198; Act of March

2, 1815, § 6, 3 Stat. 231, 233; Act of March 3, 1817, § 2, 3 Stat. 396; Act of March 2, 1833, § 3, 4 Stat. 632, 633, 634; Act of March 3, 1863, § 5, 12 Stat. 755, 756; Act of July 13, 1866, § 67, 14 Stat. 171, 172. The Revised Statutes, § 643, speak of removal by "such defendant," and this language appears also in the Judicial Code of 1911, Act of March 3, 1911, § 33, 36 Stat. 1087, 1097. The "by them" language appears for the first time in the revision of 1948; it is scarcely to be thought that when Congress generalized the right of removal by federal officers as it then did, it imposed a more severe requirement as to which defendants must join in seeking removal. To read "by them" to mean "by any one of them" is a small linguistic pull under the magnetism of so strong a policy force.

Judgment affirmed.

---

suit wherein there was a controversy with a citizen of that state and it was made to appear "that from prejudice or local influence he will not be able to obtain justice in such State court." Compare the language in the preceding Act of March 3, 1875, § 2, 18 Stat. 470,

under which Fletcher v. Hamlet was decided.

4. The report of Horne v. Aderhold, D.C. N.D.Ga.1932, 1 F.Supp. 690, sustaining removal, does not make clear whether the non-signing defendants were or were not federal officers.