532 F.2d 842
 Fed. Sec. L. Rep. P 95,476
In re FRANKLIN NATIONAL BANK SECURITIES LITIGATION et al., Plaintiffs,
and
Federal Deposit Insurance Corporation, Plaintiff-Appellee,
v.
Raymond T. ANDERSEN et al., Defendants,
and
Loews Corporation, Defendant-Appellant.
 No. 354, Docket 75-7434.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 21, 1976.
Decided March 22, 1976.
 
 Herbert M. Wachtell, New York City (Theodore Gewertz and Allan A. Martin, Wachtel, Lipton, Rosen & Katz, New York City, of counsel), for appellant.
 Amalya L. Kearse, New York City (Susan L. Thorner, Hughes Hubbard & Reed, New York City, of counsel), for appellee.
 Before MOORE, OAKES and MESKILL, Circuit Judges.
 OAKES, Circuit Judge:
 
 
 1
 We hold in a case of first impression that the Federal Deposit Insurance Corporation (FDIC) may by virtue of its statutory authority, 12 U.S.C. § 1819(4),[1] and its status as a receiver of a national bank,[2] remove a derivative suit to federal court despite the fact that its interest in the litigation is as a party plaintiff and only a "defendant or defendants" may remove generally under 28 U.S.C. §§ 1441(a), 1446.[3] We agree with the United States District Court for the Eastern District of New York, Orrin G. Judd, Judge, on the question certified to us before trial,[4] that the court has subject matter jurisdiction over the removed action, and we remand the case for further proceedings.
 
 
 2
 The facts, arising out of the insolvency of the Franklin National Bank (the Bank) and the bankruptcy of its parent corporation, Franklin New York Corporation (the Parent), may be simply stated. Suit was brought in state court by a stockholder of the Parent against directors and officers of both the Parent and the Bank for permitting a Mr. Sindona and a corporation of his, FASCO International Holding, S.A., Ltd. (FASCO), to obtain control of the Bank. It was alleged that the Bank, as a result of Mr. Sindona's control, made improvident loans, underwritings and foreign exchange transactions. Loews Corporation was a party defendant, is the sole appellant here and is charged with selling 22 per cent of the Parent's stock to Sindona and FASCO without proper investigation of their true intent, which allegedly was to milk the Parent and the Bank. The action is thus both a derivative action on behalf of the Parent and a double derivative action on behalf of the Bank.[5]
 
 
 3
 After FDIC's appointment as a receiver for the Bank upon declaration of its insolvency, FDIC was substituted as a defendant in place of the Bank and duly filed a petition for removal under 12 U.S.C. § 1819(4), note 1 supra. Because it is acting as the representative for the party on whose behalf the derivative suit was brought, Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 522-23, 67 S.Ct. 828, 830-31, 91 L.Ed. 1067, 1072-73 (1947), the FDIC has also moved the court to be realigned as a party plaintiff in the action. The district court held that the special removal statute, 12 U.S.C. § 1819(4), permits removal of "any" suit to which the FDIC is "a party" regardless of its alignment as a plaintiff or defendant. The court relied on Federal Savings & Loan Insurance Corporation (FSLIC) v. Quinn, 419 F.2d 1014 (7th Cir. 1969) (parallel statute, 12 U.S.C. § 1730(k)(1), governing FSLIC permitted removal of "independent" counterclaim asserted against FSLIC), and the fact that prior to the 1966 amendment to § 1819,[6] which included the special power to remove "any . . . action" filed in state court in which the FDIC is a "party," the FDIC already had the limited power as a party defendant to remove cases under the general removal statute, 28 U.S.C. § 1446, note 3 supra. To give some effect to the language in the 1966 amendment, Judge Judd found it necessary to construe the section as permitting the FDIC to remove "any . . . action" even though the FDIC is a party plaintiff in the state court. While we do not find the same solace in Quinn as the district court did, see 419 F.2d at 1018 n. 4, we nonetheless agree with the court's construction of § 1819.
 
 
 4
 While we receive little or no help from the meager reported legislative reports on the 1966 amendment of § 1819,[7] the fact is that prior to 1966 the FDIC could remove from state courts only under the limited power of removal afforded to defendants by the general removal statutes. By making the power to remove specific in the FDIC statute and including within the power "any such action, suit or proceeding," we must assume that Congress intended to accomplish something which it had not done with the words of the old statute. We think that was, in the plain words of the statute, to permit removal of any suit "to which the Corporation shall be a party," whether as a defendant or a subrogated or a realigned derivative suit plaintiff. Congress necessarily had in mind the dual capacity of the FDIC as an insurer of customers' deposits and as receiver of an insolvent bank; it must have been aware of the likelihood in the case of bank insolvency, real or threatened, of derivative suits against directors and officers and the putative role of the FDIC therein as a party plaintiff. And surely it was aware of the advantages that might accrue to the FDIC by intervention in those suits, as for example if service over a foreign defendant had been obtained.
 
 
 5
 The legislative history of the overall 1966 legislation supports the proposition that Congress was acutely aware of the problem of a director and officer engaging in "unsafe or unsound practices or a breach of his fiduciary duties" causing "substantial financial loss or damage to the institution or its depositors or savers . . . ." S.Rep.No.1482, 89th Cong., 2d Sess. (1966); 1966 U.S.Code Cong. & Admin.News, pp. 3532, 3533. Indeed, one of the principal purposes of the legislation was to "grant to the Federal agencies supervising banks and savings and loan associations (including the FDIC) authority to issue cease-and-desist orders or suspension or removal orders (pertaining to such officers and directors) . . . to prevent . . . unsafe and unsound practices . . . ." Id. It is but a step to recognize that it might become essential for the FDIC to pursue legal claims against those directors or officers in the courts that have been commenced by others. It is certainly logical that those claims involving national banks be pursued by the insuring agency in the federal courts. As the receiver for a national bank appointed by the Comptroller of the Currency pursuant to 12 U.S.C. § 1821(c), the FDIC has the duty of enforcing the directors' and officers' obligations. 12 U.S.C. § 1821(d).
 
 
 6
 In its consideration of the 1966 amendments, Congress knew full well how to limit the agency's power of removal to situations in which it was a defendant in the state court proceedings. For example, the removal statute which applies in cases involving the Federal Reserve banks (agencies which do not insure customers' deposits), unlike the removal statutes applying to the FDIC and FSLIC (agencies which do insure customers' deposits), specifically limits removal to instances where the Federal Reserve bank is a "defendant" in the state court. Compare 12 U.S.C. § 632 (removal where Federal Reserve bank is "defendant") with 12 U.S.C. § 1819(4) (removal of any action where FDIC is a party) and 12 U.S.C. § 1730(k) (removal of any action where FSLIC is a party). See note 7 supra. Perhaps Congress had in mind the necessity, insofar as these insuring agencies were concerned, of avoiding the "exercises in procedural dialectics," as Mr. Justice Frankfurter put it, Chicago, Rock Island & Pacific Railroad Co. v. Stude, 346 U.S. 574, 586, 74 S.Ct. 290, 297, 98 L.Ed. 317, 329 (1954) (dissenting opinion), in which the courts sometimes had engaged relative to abstruse removal questions. See, e. g., Chicago, Rock Island & Pacific Railroad Co. v. Stude, supra (when must a party be realigned as a plaintiff); Bondurant v. Watson, 103 U.S. 281, 26 L.Ed. 447 (1880) (when is a claim ancillary to a pending state court case); FSLIC v. Quinn, supra (when is a counterclaim not a counterclaim).
 
 
 7
 Appellant's principal argument against this construction of the statute is that under § 1819(4) the FDIC may remove only "by following any procedure for removal now or hereafter in effect . . . ." The claim is that the only "procedure for removal" is that set forth in 28 U.S.C. § 1446, subparagraph (a) of which permits removal only by a defendant or defendants. See also Conner v. Salzinger, 457 F.2d 1241, 1243 (3d Cir. 1972); Sheets v. Shamrock Oil & Gas Corp., 115 F.2d 880 (5th Cir.), aff'd, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); 1A J. Moore, Federal Practice P 0.157(7), at 114 (1974); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3731, at 718-19 (1976). In light of what we have said above, however, we believe that the reference in § 1819(4) to "procedure for removal" is solely to the mechanical portions of 28 U.S.C. § 1446 which determine the "where," "when," and "how" of petitioning for removal. See note 3 supra. The question "who" can remove is resolved, insofar as the FDIC is concerned, within the language of § 1819 itself which provides for removal in "(a)ll suits . . . to which the (FDIC) shall be a party . . . ."
 
 
 8
 Loews' further argument, that the cases interpreting 28 U.S.C. §§ 1441, 1446 require that the consent of "all defendants" must be obtained to effect removal, see, e. g., In re Dunn, 212 U.S. 374, 386, 29 S.Ct. 299, 302, 53 L.Ed. 558, 563 (1909); Bradford v. Harding, 284 F.2d 307, 309 (2d Cir. 1960), is, in view of our construction of § 1819, wholly misplaced. Since we read that section to authorize removal by the FDIC even in cases where it is (perhaps due to realignment or substitution of parties) a plaintiff in the state court, the "all defendants" limitation is 28 U.S.C. § 1446(a) does not affect the right of the FDIC to remove under § 1819(4). This result is not an unusual one, for in other instances where special, rather than general, removal statutes control, the requirement that all defendants join in the petition for removal has been held inapplicable. See, e. g., Bradford v. Harding, supra, 284 F.2d at 309-10 (fewer than all defendants may remove under 28 U.S.C. § 1442 governing removal by defendants who are federal officials).
 
 
 9
 Judgment affirmed.
 
 
 
 [1]
 12 U.S.C. § 1819(4) provides that the FDIC has power
 (t)o sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States. No attachment or execution shall be issued against the Corporation or its property before final judgment in any suit, action, or proceeding in any State, county, municipal, or United States court. The Board of Directors shall designate an agent upon whom service of process may be made in any State, Territory, or jurisdiction in which any insured bank is located.
 
 
 [2]
 See 12 U.S.C. § 1821(c)
 
 
 [3]
 28 U.S.C. § 1441(a) provides:
 Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 28 U.S.C. § 1446(a) provides:
 A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.
 The remaining provisions of § 1446 relate to the procedures for removal, and include a prohibition against further state court proceedings after removal.
 
 
 [4]
 Certification was pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5
 
 
 [5]
 It is one of four such cases brought by Parent shareholders. Five class actions have also been brought by purchasers of Parent securities, and there is an injunctive action by the SEC pending. All of these suits have been transferred to the Eastern District of New York for coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407
 
 
 [6]
 The 1966 amendment added the clause relative to original jurisdiction of the United States district courts and added the clause pertaining to removal. Compare 12 U.S.C. § 1819(4) with Act of Sept. 21, 1950, ch. 967, § 9, 64 Stat. 881
 
 
 [7]
 The Senate Report to the Financial Institutions Supervisory Act of 1966, S.Rep.No.1482, 89th Cong., 2d Sess. (1966), 1966 U.S.Code Cong. & Admin.News, p. 3532, refers specifically to Section 205 of the 1966 Act, which amended 12 U.S.C. § 1819(4) to provide for removal by the FDIC, only as follows:
 Section 205 would vest the United States district courts, without regard to the amount in controversy, with original jurisdiction over any action to which the Corporation is a party and authorize removal of such actions to the Federal courts.
 1966 U.S.Code Cong. & Admin.News, supra, at 3559.
 The Senate Report also refers to Section 102(k) of the 1966 Act, which amended 12 U.S.C. § 1730(k) to provide for removal by the FSLIC, as follows:
 (1) This subsection would (A) make clear that the Corporation is an agency of the United States for purposes of title 28 of the United States Code, (B) provide that any action to which the Corporation shall be a party shall be deemed to arise under the laws of the United States and that the United States district courts shall have original jurisdiction of such actions, without regard to the amount in controversy, and (C) authorize the removal to a Federal court of any such action commenced in a State court. However, actions to which the Corporation is a party in its capacity as receiver for a State-chartered institution and which involve only the rights or obligations of investors, creditors, stockholders, and such institution under State law would not be deemed to arise under the laws of the United States. Moreover, no attachment or execution could issue against the Corporation or its property before final judgment in any action in any court.
 The provisions of subsection (k)(1), with the exception of clause (A) therefore, are similar to existing law applicable to Federal Reserve banks (12 U.S.C. 632), and to the Federal Deposit Insurance Corporation (12 U.S.C. 1819).
 1966 U.S.Code Cong. & Admin.News, supra, at 3550.
 The last sentence of the Senate Report just quoted is erroneous in suggesting that the removal provisions for the Federal Reserve banks, 12 U.S.C. § 632, are or were similar to those applicable to the FDIC. The FDIC and FSLIC removal provisions, 12 U.S.C. §§ 1730(k), 1819(4), apply in "(a)ll cases . . . in which (they are) a party," while the Federal Reserve banks may remove only when they are a "defendant" in the state courts, 12 U.S.C. § 632.