**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**JULIUS RICHMAN, INC., et al., Defendants.**

**No. 76 C 2159.**

United States District Court,
E. D. New York.

March 17, 1977.

Taback & Hyams, Jericho, N. Y., for plaintiff.

---

Russ, Weyl & Levitt, Massapequa, N. Y. (Jeffrey Levitt, Massapequa, N. Y., of counsel), for defendant Julius Richman, Inc.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Defendant moves to remand this action to the Supreme Court of the State of New York, County of Suffolk, from which it was removed by the plaintiff on November 29, 1976, within thirty days of service upon the plaintiff of the defendant's answer and counterclaim herein.

Plaintiff (hereinafter sometimes FDIC) brought this action against the corporate maker of a promissory note and two individual guarantors of such note which was originally given to the Franklin National Bank.

Following the declaration of said Bank's insolvency, the FDIC became the owner and holder of the aforesaid note and guarantees and in such capacity it maintains the present suit. Thus far the only defendant served in the action is the corporate defendant, Julius Richman, Inc., and it has interposed an answer which consists of denials of "knowledge or information sufficient to form a belief" with respect to the principal allegations of the complaint, two affirmative defenses and a combined third affirmative defense and counterclaim. In its counterclaim the defendant charges that the FDIC has discriminated against it by not treating it as favorably as other debtors of the insolvent Bank and claims the FDIC has denied it due process of law and equal protection of the law guaranteed it by the Federal and State Constitutions.

In removing to remand this action to the Suffolk County Supreme Court the defendant contends that only a defendant such as itself, and not a plaintiff such as the FDIC, may remove an action to the Federal Court as plaintiff has attempted to do here, citing 28 U.S.C. § 1441(a).

Plaintiff, however, does not rely on 28 U.S.C. § 1441(a) or 1446 which concededly authorize only a defendant or defendants to remove an action from the State Court to the Federal District Court, but rather relies on 12 U.S.C. § 1819(4) which provides that the FDIC has power

"[t]o sue and be sued, complain and defend, in any court of law or equity, State or Federal. *All suits of a civil nature at common law or in equity to which the Corporation shall be a party* shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and *the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court* for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect . . . ." (Emphasis added).

This is no longer a case of first impression, the FDIC in a case involving the same insolvent Bank having secured a decision by this Court (Judd, J.) and by the Second Circuit Court of Appeals (Oakes, C. J.) that it may remove an action to the Federal Court "despite the fact that its interest in the litigation is as a party plaintiff and only a 'defendant or defendants' may remove generally under 28 U.S.C. §§ 1441(a), 1446". *Franklin National Bank Securities Litigation v. Andersen,* 532 F.2d 842, 843 (2d Cir. 1976).

Defendant here attempts to distinguish that case on the ground that "in that case the bank was the defendant in a stockholders derivative suit and sought to remove that suit and be named as a plaintiff so that it could also bring action against certain officers and directors of the bank who may have been involved in the matters complained of".

This Court does not, however, read Judge Oakes' opinion in that case as one that is limited to the facts therein. Indeed, quite to the contrary, Judge Oakes discusses at considerable length the reasons why the FDIC may be said to have the authority to remove "any" suit to which it is a party "regardless of its alignment as a plaintiff or

defendant" (532 F.2d at 844), and concludes by saying that "[t]he question 'who' can remove is resolved, insofar as the FDIC is concerned, within the language of § 1819 itself which provides for removal in '[a]ll suits . . . to which the [FDIC] shall be a party . . . .' " (532 F.2d at 846)

In the light of this decision, there is no doubt in this Court's mind but that defendant's motion to remand must be, and the same therefore hereby is, denied.

SO ORDERED.