FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

Manuel A. LOPEZ VICTORIA.

FEDERAL DEPOSIT INSURANCE CORPORATION

v.

Mario E. ROSA GARCIA.

FEDERAL DEPOSIT INSURANCE CORPORATION

v.

Eliud LOPEZ VELEZ.

Civ. Nos. 78–370, 78–375 and 78–374.

United States District Court,
D. Puerto Rico.

April 25, 1978.

Robert M. Sweeting, San Juan, P. R., Pedro Zorrilla Martínez, Río Piedras, P. R., for plaintiff.

Rubén O. Figueroa, Hato Rey, P. R., for defendant.

---

## OPINION AND ORDER

TORRUELLA, District Judge.

These three cases were originally filed in the Superior Court of the Commonwealth of Puerto Rico, San Juan Part, on March 12, 1974, under Civil Numbers 74–1932, 74–1927 and 74–3417. The original actions were for the recovery of money owed to Banco Economias (a locally chartered bank), by several residents of Puerto Rico. On January 31, 1978 the Federal Deposit Insurance Corporation (FDIC) formally entered in substitution of the original plaintiff as assignee of all problem assets of Banco Economias. Upon entry of FDIC the various Defendants filed Petitions for removal of their respective cases. Plaintiff FDIC now moves to remand to the Superior Court all three cases. Since all three actions present the same exact issue of law they are consolidated for purposes of this order.

Defendants invoke 12 U.S.C. § 1819(4) as grounds for removal in their respective petitions for removal. The FDIC in its motion to remand argues that said statute grants authority for removal exclusively to the FDIC and not to any other party in a suit wherein it is involved. Said statute provides in its pertinent part:

".   .  ., the Corporation shall become a body corporate and shall have power— Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court .   .   . by following any procedure for removal now or hereafter in effect, .   .   ."

Under 28 U.S.C. § 1441(a) an action brought in a state court over which federal district courts have original jurisdiction may be removed "except as otherwise expressly provided by Act of Congress". The specific issue thus presented is whether 12 U.S.C. § 1819(4) is such an exception.

Under the literal terms of 12 U.S.C. § 1819(4) an action involving the FDIC is one "deemed to arise under the laws of the United States". When FDIC became a party plaintiff in this case it became one removable under the terms of 28 U.S.C. § 1446(b). The FDIC cites *Franklin National Bank Securities Litigation v. Anderson,* 532 F.2d 842 (CA2 1976) for the proposition that removal under this section is exclusively entrusted to the FDIC. However, *Franklin,* supra, in holding that the FDIC may remove as either a plaintiff or defendant, enhances and enlarges rather than restricts removal jurisdiction. We have found no authority to hold that § 1819(4) was meant as an exception to the general removal provisions. Cf. 1966 *U.S. Code Cong. & Admin.News,* Vol. 3 p. 3532 et seq.; *Franklin,* supra. Such exceptions are few and "when Congress has deemed that exceptional considerations warrant a removal prohibition it has manifested itself by clear and unambiguous statutory language". *Haun v. Retail Credit Co.,* 420 F.Supp. 859, 861 (D.C.Pa.1976) and examples cited therein. There is no specific mention of any removal prohibition or limitation contained in § 1819(4). Indeed, removal under § 1819(4) is effectuated by "following the procedure for removal now or hereafter in effect". Such statutory intent of complementing one section with another cannot be clearer. For all the above cited reasons Plaintiff's Motion to Remand is DENIED.

All Defendants are further instructed to perfect removal in full compliance with 28 U.S.C. § 1446(a). Missing from the records are certain copies of the original complaint, process, pleadings and orders secured in the Superior Court.

Furthermore, since this litigation has been pending in the local forum for three years, the Clerk of the Court shall forthwith schedule a status conference before the U. S. Magistrate wherein it shall be

determined the status of these cases and when pretrial and trial settings may be arranged.

IT IS SO ORDERED.