**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**FIRST MORTGAGE INVESTORS, a Massachusetts trust, Defendant.**

**No. 78–C–212.**

United States District Court, E. D. Wisconsin.

Oct. 30, 1978.

As Amended Nov. 1, 1978.

William J. French, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for plaintiff.

Russell A. Eisenberg, Howard, Peterman & Eisenberg, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This action was originally commenced by the American City Bank & Trust Company (American City) in August, 1974, in the Circuit Court for Milwaukee County, Wisconsin to collect against defendant on a demand promissory note. American City succeeded on a motion for summary judgment in the trial court which held that the alleged secret oral agreement raised by defendant First Mortgage Investors (FMI) was precluded by the parol evidence rule. On appeal, the Wisconsin Supreme Court, reversed the trial court's decision. However, on January 14, 1976, before oral argument in the Wisconsin Supreme Court the Federal Deposit Insurance Corporation (FDIC) was substituted for American City. At the liquidation sale of the assets of American City, the FDIC purchased the note in issue in its corporate capacity. On remand to the state trial court, the FDIC moved for summary judgment pursuant to 12 U.S.C. § 1823(e) which shields the FDIC as purchaser of the note from the defense of a secret agreement. *See, Federal Deposit Insurance Corporation v. Vogel,* 437 F.Supp. 660 (E.D.Wis.1977). This motion

882

was denied by the Circuit Court of Milwaukee County. The defendant then filed a counterclaim on March 6, 1978 and on April 4, 1978, relying upon 12 U.S.C. § 1819, the FDIC petitioned for removal.

Defendant has filed a motion for remand of this case claiming that: 1) as a plaintiff, the FDIC was not entitled to remove this case originally brought in state court; 2) that even if, as plaintiff, the FDIC could remove, this right was waived by the FDIC's long participation in the state court proceedings subsequent to substitution; and 3) that plaintiff chose the state forum.

■ Defendant relies upon several authorities for the proposition that only a defendant can remove a civil action from state court to a federal district court. *See,* *e. g.,* 1A Moores Fed.Practice, § 0.157(7) at 114. While this is generally true, the FDIC's power to remove is provided for in a special statute. Under 12 U.S.C. § 1819, the FDIC can remove any action, whether it is a plaintiff or defendant, to a federal district court for the district where the action is pending. *Federal Deposit Insurance Corporation v. Julius Richman, Inc.,* 428 F.Supp. 593 (E.D.N.Y.1977). The purpose behind such a result is to give the FDIC leave to remove an action to federal court, where, in cases such as this, the FDIC is substituted in the state action for a bank which has become insolvent. *See, Franklin Nat. Bank Sec. Litigation v. Andersen,* 532 F.2d 842 (2d Cir. 1976). Having determined that 12 U.S.C. § 1819 permits the FDIC to remove a civil action from state court, this still leaves the question of whether the FDIC's long participation in the state court proceedings constituted a waiver or an election to proceed in state court.

■ This Court, after careful consideration, holds that the FDIC should not be foreclosed from the benefits of 12 U.S.C. § 1819 merely because it substantially participated in the state court action. There are no cases discussing waiver as it applied to the right to remove under 12 U.S.C. § 1819, but the court's decision in *Swan v.*

*Community Relations—Social Development Comm'n,* 374 F.Supp. 9 (E.D.Wis.1974) is persuasive authority for the proposition that waiver must be clear and unequivocal. This Court holds that merely pursing the case in state court where it was originally brought by the bank prior to insolvency, is not a waiver of rights under section 1819.

■ This is particularly true in light of the fact that the FDIC petitioned to remove this case less than one month after defendant filed its counterclaim. The removal statute, 12 U.S.C. § 1819 provides removal in any case and this Court holds that, even if the FDIC did waive its rights to remove, its right was renewed when defendant filed its counterclaim. This complicated the case and at that point, the FDIC was entitled to rely on its right to remove under 12 U.S.C. § 1819. *Cf. Federal Sav. & Loan Ins. Corp. v. Quinn,* 419 F.2d 1014 (7th Cir. 1969).

Finally, defendant argues that the FDIC chose the state forum. The Court finds this argument unpersuasive for two reasons. First, this argument fails to consider the facts of this case. The FDIC did not choose the state forum, but rather, it became substituted for an insolvent bank. The bank chose the forum. Second, even if the long delay could be considered an election, when defendant filed its counterclaim, the FDIC's rights to remove were renewed. *Cf. Federal Sav. & Loan Ins. Corp. v. Quinn, supra.*

Therefore, for the foregoing reasons, defendant's petition to remand must be denied.