**In re FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Sunrise Savings and Loan Association, Petitioner.**

Nos. 86–6025, 86–6029.

United States Court of Appeals, Eleventh Circuit.

Jan. 19, 1988.

Alexander D. del Russo, West Palm Beach, Fla., for defendants-appellants.

Robin Corwin Campbell, Kopelowitz, Atlas, Pearlman & Trop, P.A., Ft. Lauderdale, Fla., John M. Jorgensen, Palm Beach, Fla., for plaintiffs-appellees.

Before TJOFLAT and VANCE, Circuit Judges, and ALLGOOD *, Senior District Judge.

TJOFLAT, Circuit Judge:

### I.

The suits before us were commenced in state court against the Federal Savings and Loan Insurance Corporation (FSLIC), as the receiver for a federal savings and loan association, and were removed by FSLIC to federal court pursuant to 12 U.S.C. § 1730(k)(1)(C) (1982).[1] That

---

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

**1.** Section 1730(k)(1) provides, in pertinent part:

Notwithstanding any other provision of law, (A) [FSLIC] shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which [FSLIC] shall be

statute authorizes FSLIC, when acting as the receiver for a federal savings and loan association, to remove to a United States district court any state court suit to which it is a party by following the procedures for removal provided by law. The district court, acting on its own initiative, noticed that FSLIC's codefendants had not consented to the removal of the cases as required by the general removal statute, 28 U.S.C. § 1441(a) (1982),[2] and remanded the cases to the state court. FSLIC, contending that the right of removal granted it by section 1730(k)(1)(C) is not dependent upon such consent, petitions us for a writ of mandamus to compel the district court to litigate these cases.[3] We conclude that the writ should issue.

## II.

### A.

█ FSLIC insures the deposits of federal savings and loan associations and serves as their receiver when they become insolvent, the situation here. FSLIC's statutory authority parallels that of the Federal Deposit Insurance Corporation (FDIC), which insures the deposits of banks. Once appointed receiver, FSLIC, like FDIC, stands, as the real party in interest, in the shoes of the received financial institution in any litigation in which the institution is a party.

Prior to 1966, FSLIC, when acting as receiver, had the same access to the federal district courts as a private litigant, i.e., it could repair to district court if the case presented a federal question or diversity of citizenship existed between the parties. Few cases reached the district courts, however, because most were based on state law and diversity of citizenship seldom existed. Cases involving FDIC, on the other hand, were "deemed to arise under the laws of the United States," but FDIC's authority to bring a case to federal court was subject to the limitations then found in 28 U.S.C. § 1331 (jurisdictional amount) and 28 U.S. C. § 1441 (removal criteria). See FDIC v. Sumner Fin. Corp., 602 F.2d 670, 675–76 (5th Cir.1979).

█ In time, Congress concluded that FSLIC and FDIC might be more effective in discharging their statutory responsibilities if they had greater access to the district courts. Congress accordingly conferred on the United States district courts original jurisdiction over all cases[4] in which these corporations were parties. Fi-

---

2. Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) [FSLIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: Provided, That any action, suit, or proceeding to which [FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

In cases involving multiple defendants, all defendants must consent to removal under section 1441(a). See, e.g., Chicago, R.I. & P. Ry. v. Martin, 178 U.S. 245, 247–48, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900) (construing predecessor of section 1441(a)); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 327 (5th Cir.1970) (citing Martin); P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 547 & n. 2 (7th Cir.1968) (citing Martin).

3. A district court order remanding a case to state court is not a final judgment within the meaning of 28 U.S.C. § 1291 (1982). The order is, however, reviewable by mandamus. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 352–53, 96 S.Ct. 584, 594, 46 L.Ed.2d 542 (1976).

4. Congress did not, however, give the district courts original jurisdiction of cases in which either FSLIC or FDIC appears on behalf of a state-chartered institution and the rule of decision is supplied by state law. See 12 U.S.C. § 1730(k)(1) (1982), supra note 1, and 12 U.S.C. § 1819(4) (1982), infra note 5.

nancial Institutions Supervisory Act of 1966, Pub.L. No. 89–695, §§ 102(k), 205, 80 Stat. 1028, 1042, 1055.[5] This grant of jurisdiction extends to all cases initiated by or against FSLIC or FDIC in district court, and to all state court cases removed by either of them pursuant to "any procedure for removal now or hereafter in effect." *Id.*

### B.

As noted, to remove a case from state court to federal court under section 1730(k)(1)(C), FSLIC must follow "any procedure for removal now or hereafter in effect." Drawing on this phrase, the district court apparently concluded that FSLIC had to satisfy the criteria of the general removal statute, 28 U.S.C. § 1441(a) (1982), which, as we have observed,[6] requires as a condition precedent

to removal the express consent of all defendants. All of the defendants did not consent to FSLIC's removal of these cases to district court; consequently, the court remanded them.

We do not agree with the conclusion that section 1441(a) provides a "procedure for removal" within the meaning of section 1730(k)(1)(C). Rather, section 1441(a) merely authorizes the removal from state court to district court of cases within the district court's subject matter jurisdiction. The procedures for removal to which section 1730(k)(1)(C) refers are those prescribed in 28 U.S.C. § 1446(a), (b), (d), (e) (1982), which specify how and when a petition for the removal of a case from state court to federal court is to be filed.[7] *Cf. FDIC v. Sumner Fin. Corp.*, 602 F.2d 670, 676 (5th. Cir.1979) (parallel FDIC removal statute, 12 U.S.C. § 1819(4), "allow[s]

---

**5.** Section 102(k) of the Act amended 12 U.S.C. § 1730(k)(1), the current text of which is reproduced *supra* at note 1. Section 205 of the Act amended 12 U.S.C. § 1819(4), which now provides:

All suits of a civil nature at common law or in equity to which [FDIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and [FDIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which [FDIC] is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

**6.** *See supra* note 2.

**7.** The procedures for removal outlined in section 1446 are, in pertinent part:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

. . . .

(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.

(e) Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

FDIC as defendant in state court to remove even though other defendants do not consent to removal");[8] *Franklin Nat'l Bank Sec. Litig. v. Andersen,* 532 F.2d 842, 846 (2d Cir.1976) ("procedure for removal" provision in parallel FDIC removal statute, 12 U.S.C. § 1819(4), refers to removal procedures of 28 U.S.C. § 1446(a), (b), (d), (e), not 28 U.S.C. § 1441(a)); *see also* 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.167[13] (2d ed. 1987) (agreeing with analysis in *Andersen* ). FSLIC followed these statutory procedures to the letter in these cases; accordingly, the district court was obliged to entertain them.

### C.

■ It is obvious that we must, unless we lack the authority to do so, issue the writ and compel the district court to adjudicate these controversies. The parties opposing FSLIC's petition contend that we are powerless to act, noting that Congress, in enacting 28 U.S.C. § 1447(d) (1982), has precluded appellate review of district court remand orders. That section provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." We are not persuaded.

Section 1447(d)'s application is limited to cases remanded to state court pursuant to 28 U.S.C. § 1447(c) (1982).[9] *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 349–52, 96 S.Ct. 584, 592–93, 46 L.Ed.2d 542 (1976); *Loftin v. Rush,* 767 F.2d 800, 802 (11th Cir.1985). Section 1447(c)'s application is, in turn, limited to cases removed from state court pursuant to section 1441(a). *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 991 (3d Cir.1984) ("[T]he proscription of section 1447(d) against review of remand orders is applicable to ... cases which were removed from state court pursuant to section 1441 and which were then remanded pursuant to section 1447(c)."). The cases before us were not

removed pursuant to section 1441(a); it therefore follows that section 1447(d) has no application here.

### D.

The writ of mandamus is an appropriate device for correcting the district court's error in these cases. *See Thermtron,* 423 U.S. at 353, 96 S.Ct. at 594. We issue the writ because FSLIC is entitled to litigate these cases in federal court, as Congress intended. The district court's orders remanding these cases are accordingly

VACATED.

---

**8.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**9.** Section 1447(c) provides in part:
If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case....