972 F.2d 340
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arnold HUGHES, Administrator of the Estate of Dorothy
Phillips, Deceased, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a
corporation, Defendant-Appellant,
and
Timothy B. MITCHEM, Defendant.
 No. 91-2733.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 4, 1992
Decided: August 7, 1992
 
 ARGUED: Alvin E. Gurganus, II, Princeton, West Virginia, for Appellant. Gloria Mae Stephens, Welch, West Virginia, for Appellee.
 ON BRIEF: E. M. Payne, III, FILE, PAYNE, SCHERER & BROWN, Beckley, West Virginia; Anita R. Casey, MEYER, DARRAGH, BUCKLER, BABENEK, ECK & HALL, Charleston, West Virginia, for Appellant.
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The issue in this case is whether the district judge erroneously remanded this case to the State Court from which it had been removed. Finding no error, we affirm.
 
 
 2
 This litigation arose as the result of an automobile accident on August 29, 1989 between a vehicle owned and occupied by Timothy B. Mitchem and a vehicle in which plaintiff's decedent was riding as a passenger. Plaintiff made a claim against Mitchem and his insurer and against State Farm Mutual Insurance Company (State Farm) for underinsured motorist coverage under three motor vehicle insurance policies issued by State Farm and held by plaintiff's decedent and her husband. Mitchem and his insurer made settlement with plaintiff, but State Farm's offer was rejected. Plaintiff thereafter on June 12, 1990 instituted a combined wrongful death and declaratory judgment action in the Circuit Court of McDowell County, West Virginia, against Mitchem and State Farm, to establish (1) tort liability on Mitchem for the death of plaintiff's decedent, and have him declared an underinsured motorist, and (2) contract liability on State Farm for denial of underinsured motorist coverage, declaratory judgment that plaintiff's decedent was an insured under said policies, and that such policies provided for stacking of underinsured motorist liability insurance to plaintiff.[1] State Farm removed Count II-declaratory judgment action-to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1441(a) as an action of which the District Court of the United States has original jurisdiction. The underlying tort remained in the State Court. Plaintiff moved to remand the action to the State Court as improvidently removed and for lack of diversity. State Farm and Mitchem each filed motions to dismiss as well as answers. By Order of June 4, 1991, the Court denied the motions of State Farm and Mitchem to dismiss and denied plaintiff's motion to remand. Upon further reflection on the notice of removal, the Court determined the removal had been improper, as
 
 
 3
 State Farm had removed the action pursuant to 28 U.S.C. § 1441(a) as a claim arising under diversity of citizenship of which the District Court had original jurisdiction pursuant to 28 U.S.C. § 1332; however, Mitchem did not join in the removal as required by 28 U.S.C. § 1441(a) and he was of the same residency as plaintiff's decedent.[2]
 
 
 4
 Finding no reversible error, we affirm.
 
 AFFIRMED
 
 
 [1]
 Under the provisions of West Virginia Code 55-13-2, an injured plaintiff may, in the original personal injury suit, join in the defendant's insurer to determine whether there is policy coverage before obtaining a judgment against the defendant. See Christian v. Sizemore, 383 S.E.2d 810 (W. Va. 1989)
 
 
 [2]
 Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245 (1900); Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Chicago Rock Island & Pac. Ry. Co. v. Dowell, 229 U.S. 102 (1913); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970); Farias v. Bexar County Bd. of Trustees for Mental Health, Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir.), cert. denied, 112 S. Ct. 193 (1991); Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir. 1986); In Re Fed. Sav. and Loan Ins. Corp., 837 F.2d 432, 434, n.2 (11th Cir. 1988); P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 547-48 (7th Cir. 1968); Adams v. Aero Serv. Int'l., Inc., 657 F. Supp. 519 (E.D. Va. 1987); P-Nut Carter's Fireworks, Inc. v. Carey, 685 F. Supp. 952 (D.S.C. 1989)