**CI INTERNATIONAL FUELS, LTDA., et al., Plaintiffs,**

v.

**HELM BANK, S.A., et al., Defendants.**

**Case No. 10–20347–CIV.**

United States District Court, S.D. Florida, Miami Division.

April 26, 2010.

Gonzalo Ramon Dorta, Gonzalo R. Dorta, P.A., Ibrahim Reyes–Gandara, Silva & Silva, Coral Gables, FL, for CI International Fuels, Ltda. and International Fuel Oil Corporation.

Antar Kwaku Vaughan, David Stuart Garbett, Garbett, Stiphany, Allen & Roza, P.A., Miami, FL, for Regions Bank.

Carlos Bruno Castillo, DiBello, Lopez & Castillo, P.A., Coral Gables, FL, for Compucell USA, LLC and Infinity Wireless Solutions, Inc.

Gustavo A. Gutierrez, Miami, FL, for Florida Trading Services, Inc.

Jason R. Alderman, Carlton Fields, Miami, FL, Stacey Kim Sutton, Carlton Fields PA, West Palm Beach, FL, for JPMorgan Chase Bank, N.A.

### *ORDER*

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court on the Motion to Remand [D.E. 27], filed by the Plaintiffs, CI International Fuels, Ltda. ("CI") and International Fuel Oil Corp. ("International Fuel"), on March 5, 2010. The Court has carefully considered the parties' submissions and the applicable law.

### I. BACKGROUND

In December 2009 CI and International Fuel, Colombian and Panamanian entities, respectively, filed a complaint in Florida state court against Helm Bank (Panama), S.A. ("Helm Bank"), Regions Bank ("Regions"), JPMorgan Chase Bank, N.A. ("JPMorgan"), Compucell USA, LLC ("Compucell"), Florida Trading Services, Inc. ("Florida Trading"), and Infinity Wireless Solutions, Inc. ("Infinity"). According to the complaint, Helm Bank transferred more than one million dollars

from the Plaintiffs' accounts without Plaintiffs' authorization into those of Compucell, Florida Trading, and Infinity at the Miami branches of the banks JPMorgan and Regions. Compucell, Florida Trading, and Infinity—all Florida corporations—have since withdrawn the money. This case arises out of this alleged "fraudulent scheme." (Mot. ¶ 1).

The Plaintiffs served Regions, a bank organized under Alabama law, with the summons and complaint on January 5, 2010. Asserting subject-matter jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 632,[1] Regions removed the action to the U.S. District Court for the Southern District of Florida on February 3, 2010. According to the notice of removal, the transactions giving rise to the complaint involve international or foreign banking and one Defendant, JPMorgan, is organized under U.S. law. (*See* Notice of Removal [D.E. 1] ¶ 8). In a footnote Regions noted that JPMorgan and Helm Bank joined in the notice. (*See id.* ¶ 7 n. 4).[2] The other Defendants did not.

*     *     *

On March 5, 2010, the Plaintiffs moved to remand this action to state court "on an issue of first impression in Florida and the Eleventh Circuit." (Mot.1). According to the Plaintiffs, the removal is ineffective because Regions failed to comply with the "rule of unanimity," which "requires that all defendants consent to and join a notice of removal." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir.2008) (citing *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050

(11th Cir.2001)). The question presented—whether the rule of unanimity applies to actions removed under 12 U.S.C. § 632—is indeed new in the Eleventh Circuit, and no circuit court of appeals, it appears, has addressed it. Most district courts that have addressed the issue have concluded for various reasons that the rule of unanimity does not apply; one district court, however, has concluded that it does. *Compare New Mexico ex rel. Foy v. Vanderbilt Capital Advisors, LLC*, No. CIV 09–0178 RB/MEH, 2009 WL 3672921, at *3 (D.N.M. Apr. 13, 2009) (rule of unanimity does not apply), *City of Stockton v. Bank of Am., N.A.*, No. C–08–4060 MMC, 2008 WL 4911183, at *2–3 (N.D.Cal. Nov. 13, 2008) (same), *and Wenzoski v. Citicorp*, 480 F.Supp. 1056, 1058 (N.D.Cal.1979) (same), *with Ponce Fed. Bank, FSB v. Instituto Medico del Norte, Inc.*, 643 F.Supp. 424, 426 (D.P.R.1986) (rule of unanimity does apply).

## II. ANALYSIS

Section 632 of Title 12 of the U.S.Code, which is a "special removal statute," 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3730, at 468 & n. 25 (4th ed. 2009), provides in part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving internation-

---

**1.** Originally enacted in 1919, the Edge Act, 12 U.S.C. §§ 611–632, is "a federal law that authorizes the chartering of a corporation 'for the purpose of engaging in international or foreign banking or other international or foreign financial operations.'" *A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1456 (D.C.Cir.1995) (quoting 12 U.S.C. § 611).

**2.** The parties dispute whether Regions' statement, "JPMorgan and Helm Bank Panama join in this Notice," is sufficient to constitute effective joinder with respect to JPMorgan and Helm Bank. Deciding that question, however, is unnecessary because it would not affect the outcome.

al or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and *any defendant* in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district *by following the procedure for the removal of causes otherwise provided by law.*

(emphasis added).

The Plaintiffs' argument is straightforward. Although "any defendant" may remove, the defendant must do so "by following the procedure for the removal of causes otherwise provided by law." "[U]nder 28 U.S.C. § 1446(a), removal procedure requires that all defendants join in the removal petition." *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 326–27 (5th Cir.1970) (citing, *inter alia, Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)).[3] It follows, the Plaintiffs state, that the "procedure for the removal of causes otherwise provided by law" requires all defendants to join in the petition. And if there were any doubt, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) (citing *Burns*

*v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)). The Plaintiffs' argument, not squarely addressed by the other district courts, is persuasive.

Yet two cases concerning kindred statutes suggest otherwise. The first is *Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d 842 (1976), which addressed whether the rule of unanimity applied to 12 U.S.C. § 1819(4). Under that section the Federal Deposit Insurance Corporation (the "FDIC") may "remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending *by following any procedure for removal now or hereafter in effect.*" (emphasis added). According to the U.S. Court of Appeals for the Second Circuit, which concluded the FDIC could effect removal even as a realigned party plaintiff in state court,

> the reference in § 1819(4) to "procedure for removal" is solely to the mechanical portions of 28 U.S.C. § 1446 which determine the "where," "when," and "how" of petitioning for removal. The question "who" can remove is resolved, insofar as the FDIC is concerned, within the language of § 1819 itself which provides for removal in "[a]ll suits ... to which the [FDIC] shall be a party...."

*Id.* at 846 (citation omitted) (alterations in original). It followed that "the 'all defendants' limitation i[n] 28 U.S.C. § 1446(a) does not affect the right of the FDIC to remove under § 1819(4)." *Id.* The result was not "unusual," the court observed, since "in other instances where special, rather than general, removal statutes control, the requirement that all defendants join in the petition for removal has been

---

**3.** The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit handed down before September 30, 1981. *See*

*Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981).

held inapplicable." *Id.* (citing *Bradford v. Harding*, 284 F.2d 307, 309–10 (2d Cir. 1960) (Friendly, J.) (holding that the rule of unanimity does not apply to 28 U.S.C. § 1442)).[4]

The second case is *In re Federal Savings & Loan Insurance Corp.*, 837 F.2d 432 (11th Cir.1988), which concerned whether the rule of unanimity applied to 12 U.S.C. § 1730(k)(1)(C). Under that section "[the Federal Savings and Loan Insurance Corporation (the 'FSLIC')] may ... remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending *by following any procedure for removal now or hereafter in effect.*" (emphasis added). Based on the emphasized phrase, the district court remanded certain cases the FSLIC had removed because it had failed to obtain the consent of the defendants. The U.S. Court of Appeals for the Eleventh Circuit later vacated the order, observing that "[t]he procedures for removal to which section 1730(k)(1)(C) refers are those prescribed in 28 U.S.C. § 1446(a), (b), (d), (e)(1982), which specify how and when a petition for the removal of a case from state court to federal court is to be filed." 837 F.2d at 435 (citing, *inter alia, Andersen*, 532 F.2d at 846). "FSLIC followed these statutory procedures to the letter in these cases," the court stated, and "the

district court was obliged to entertain them." *Id.* at 436.

Under the framework of *Andersen* and *In re Federal Savings & Loan Insurance Corp.*, the Court concludes that the rule of unanimity does not apply to 12 U.S.C. § 632. In both cases the courts analyzed special removal statutes that specifically named who could effect removal. Section 632 is a special removal statute as well, and it too specifically names who can effect removal: "any defendant." According to its plain meaning, which the Court must use, *see CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1221 (11th Cir. 2001), the phrase "any defendant" means just that—*any* defendant in an action falling under section 632, *see* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 56 (11th ed. 2003) (defining "any" as "one or some indiscriminately of whatever kind"); *cf.* THE CHICAGO MANUAL OF STYLE ¶ 5.202, at 200 (15th ed. 2003) ("The two-word phrase *any one* is a more emphatic form of *any,* referring to a single person or thing in a group.").[5]

It follows that the rule of unanimity, which is part of the removal procedure of 28 U.S.C. § 1446(a), *see Tri–Cities Newspapers*, 427 F.2d at 326–27, is not part, at least with regard to section 632, of "the procedure for the removal of causes otherwise provided by law." That is because section 632 *itself* resolves the question of

---

**4.** It is true, as the Plaintiffs note, that the Second Circuit distinguished section 632 from section 1819(4). But it did so only to observe that section 632 permits the Federal Bank to remove as a *defendant*, whereas section 1819(4) permits the FDIC to remove as a *party. See id.* at 844 n. 7, 845. The result in *Andersen* is grounded firmly in the language of the statute.

**5.** The Court is unpersuaded by Plaintiffs' intimation that the case for remand is stronger because JPMorgan, the only federally chartered bank in this action, may not have joined

in the notice of removal. (*See* Pls.' Reply [D.E. 38] 3). Congress's choice of the phrase "any defendant" forecloses consideration of that argument. *See Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain ... the sole function of the courts is to enforce it according to its terms. Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise ...." (citations omitted)).

who can effect removal. And where a special removal statute provides a specific procedure, that procedure, not the procedure for removal of 28 U.S.C. § 1446, controls. *See In re Fed. Sav. & Loan Ins. Corp.,* 837 F.2d at 435; *Andersen,* 532 F.2d at 846; *Bradford,* 284 F.2d at 309–10; WRIGHT ET AL., *supra,* § 3730, at 468 & n. 25. Only where section 632 does not provide a specific procedure does one follow "the procedure for the removal of causes otherwise provided by law."[6]

### III.   CONCLUSION

For the reasons stated herein, it is

**ORDERED AND ADJUDGED** that the Motion [D.E. 27] is **DENIED.**

---

6. The inclusion of the adverb "otherwise" further supports the interpretation that the procedure provided by section 632 controls. *See* MERRIAM-WEBSTER'S, *supra,* at 879 (defining "otherwise" as, *inter alia,* "in a different way or manner" and "in different circumstances").