FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver for New Bank
of New England, N.A., Plaintiff, Appel-
lee,

v.

Richard A. CABRAL, Defendant,
Appellant.

No. 92–2058.

United States Court of Appeals,
First Circuit.

Oct. 8, 1992.

Before BREYER, Chief Judge,
TORRUELLA and CYR, Circuit Judges.

ORDER OF COURT

In 1990, the Bank of New England (BNE) sued appellant Richard Cabral in a New Hampshire court. BNE soon became insolvent, and the Federal Deposit Insurance Corporation (FDIC) took over as its receiver. The FDIC transferred BNE's as-sets to a "bridge" bank called the New Bank of New England (NBNE). In July 1991, the state court substituted NBNE as the plaintiff in the action against Cabral. In December 1991, the state court allowed a second substitution, making the plaintiff "RECOLL Management Corporation as At-torney in Fact for FDIC as Receiver of New BNE." Finally, on April 10, 1992, the state court allowed a third substitution, making FDIC the plaintiff.

On May 8, 1992, Cabral removed the lawsuit to the United States District Court for the District of New Hampshire. On July 30, 1992, the district court remanded the matter to the state court, ruling that Cabral had not filed a timely notice of removal. Cabral appealed the remand. We issued an order requiring Cabral to show cause why we should not dismiss the appeal for lack of jurisdiction. Cabral has responded, and we now dismiss the appeal.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." 28 U.S.C. § 1447(d). Section 1447(d) prohibits *any* review, on appeal or by extraordinary writ, of remand orders issued pursuant to 28 U.S.C. § 1447(c), which authorizes re-mand for "defect[s] in removal procedure" and lack of subject matter jurisdiction. *See Commonwealth of Massachusetts v. V & M Management, Inc.*, 929 F.2d 830, 832 (1st Cir.1991) (citing *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976)). Because the district court remanded the lawsuit against Cabral for a defect in the removal procedure—an untimely notice of removal—Section 1447(d) appears to bar any appellate review.

In his response to the show cause order, Cabral argues that we have jurisdiction over his appeal for the following reasons: (1) Cabral removed the BNE/FDIC lawsuit on the authority of 12 U.S.C. § 1819(b)(2)(B), which says that "the Corpo-ration [i.e., the FDIC] may ... remove any action, suit, or proceeding from a State court to the appropriate United States dis-trict court." (2) Although Section 1819(b)(2)(B) refers only to the FDIC's abil-

ity to remove, the courts have interpreted the statute to allow other parties to actions involving the FDIC to remove, too. *See Federal Deposit Insurance Corp. v. Otero*, 598 F.2d 627, 630 (1st Cir.1979). (3) Section 1819(b)(2)(C) creates an exception to 28 U.S.C. § 1447(d), saying that "[t]he Corporation may appeal any order of remand entered by any United States district court." (4) Although Section 1819(b)(2)(C) refers only to the FDIC's ability to appeal remand orders, "it having been determined that all parties may remove its case to the federal court, it would be logically inconsistent to allow only one party, the FDIC, to appeal a remand order." In other words, Cabral argues that because the reference to "the Corporation" in Section 1819(b)(2)(B) means "the Corporation and other parties," the reference to "the Corporation" in Section 1819(b)(2)(C) should be given the same expanded meaning.

We disagree. The courts have *not* read Section 1819(b)(2)(B) beyond its express terms. The words "the Corporation" in that provision mean just what they say— Section 1819(b)(2)(B) authorizes only the FDIC to remove. And, if "the Corporation" in Section 1819(b)(2)(B) does not mean "the Corporation and other parties," then it would be "logically inconsistent" to read the reference to "the Corporation" in Section 1819(b)(2)(C) any more broadly.

Of course, other parties like Cabral *can* remove lawsuits involving the FDIC to federal court. However, they are authorized to do so not by Section 1819(b)(2)(B), but by Section 1819(b)(2)(A). That provision says: "[A]ll suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States."

Because cases involving the FDIC as a party "arise under" federal law, they can be removed pursuant to the general removal statutes, 28 U.S.C. §§ 1441(b) and 1446. *See e.g., Federal Deposit Insurance Corp. v. Otero*, 598 F.2d at 630; *Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d 842, 845 (2d Cir.1976); *Federal Deposit Insurance Corp. v. Lopez Victoria*, 448 F.Supp. 843, 844 (D.P.R. 1978).[1]

In sum, although both the FDIC and "other parties" have the ability to remove lawsuits involving the FDIC to federal court, their respective abilities derive from distinct sources and are subject to distinct limitations:

(1) Section 1819(b)(2)(B) authorizes removal by the FDIC whenever it is a party—whether a plaintiff or a defendant—but the general removal statute permits other parties to remove only when they are defendants. *See* 28 U.S.C. § 1446(a).

(2) Section 1819(b)(2)(B) allows the FDIC to file a notice of removal within ninety days after the FDIC is sued or substituted as a party, but 28 U.S.C. § 1446(b) requires another party to file its notice of removal within thirty days after it ascertains that the case is removable.

(3) Most important for our purposes, Section 1819(b)(2)(C) permits the FDIC to appeal remand orders, but Section 1447(c) flatly prohibits appeals by other parties if the remand is made "on the basis of any defect in removal procedure." The district court here remanded on the basis of a defect in the removal procedure. We therefore have no jurisdiction to hear this appeal. *See Federal Deposit Insurance Corp. v. Loyd*, 955 F.2d 316, 319 (5th Cir. 1992) (where both FDIC and private liti-

---

**1.** The "arising under" provision and the general removal statutes would also allow the FDIC to remove cases in which it is a party, and before 1966 they provided the only mechanism by which the FDIC could remove. Congress added the language that became Section 1819(b)(2)(B) in 1966 because the general removal statute permits a party to remove only if it is a defendant. But "the FDIC serves in a dual capacity, being both an insurer of customers' deposits and a receiver of an insolvent bank, the latter role often forcing the FDIC to act as a party

plaintiff." *Federal Deposit Insurance Corp. v. Otero*, 598 F.2d at 630. The amendment permitted the FDIC to remove any suit to which it is a party, "whether as a defendant or a subrogated or a realigned derivative suit plaintiff." *Franklin National Bank Securities Litigation v. Andersen*, 532 F.2d at 845. *See also Federal Deposit Insurance Corp. v. Sumner Financial Corp.*, 602 F.2d 670, 676 (5th Cir.1979) (1966 intended to allow FDIC to remove even though it is a plaintiff in state court).

gant removed case to federal court, and federal court remanded, FDIC could appeal under Section 1819(b)(2)(C) but private litigant could "not avail itself of this provision").

*Appeal dismissed.*