USCA1 Opinion

 

 November 24, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1252 DATCOM, INC., Plaintiff, Appellee, v. INTEGRATED TECHNOLOGY, INC., Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ Kevin E. Sharkey and Kenna, Johnston, & Sharkey on brief for ________________ __________________________ appellant. Lawrence R. Opert, Opert & Shandler on brief for appellee. _________________ ________________ __________________ __________________ Per Curiam. The question before us is whether the __________ district court order granting defendant's motion to dismiss a petition for removal is appealable. We conclude that it is not. In October 1992, plaintiff-appellee, Datcom, Inc., a Massachusetts corporation, filed suit in Middlesex Superior Court in Cambridge, Massachusetts, against defendant- appellant, Integrated Technology, Inc., a Delaware corporation, with its principal place of business in Salem, New Hampshire. The suit sought in excess of $300,000 damages for tortious interference with contractual relations and unfair and deceptive business practices. On January 20, 1993, a default order was issued against Integrated Technology pursuant to Mass. R. Civ. P. 55(a) because of its failure to plead or otherwise defend itself as required by Mass. R. Civ. P. 12(a). On January 22, Integrated Technology filed a petition to remove the matter to the United States District Court for the District of Massachusetts on the basis of diversity jurisdiction. In response, Datcom, Inc. filed a motion to dismiss contending that the petition for removal had not been timely filed since a default had already entered in state court prior to the filing of the remand petition. On February 10, 1993, the district court allowed the motion to dismiss, noting that the case was in default in state court when the petition for removal was filed. Datcom -2- appeals the district court's order dismissing its petition for removal. Discussion Discussion Integrated Technology contends first that the order of the district court dismissing its petition for removal was a dismissal of its action and not a remand to the state court. It notes that the word "remand" was never used in the order and that no certified remand order appears to have been mailed to the state court clerk as required by 28 U.S.C. 1447(c). Integrated Technology further asserts that the order is thus directly appealable as a final order pursuant to 28 U.S.C. 1291. While not expressly called such, the order dismissing the petition for removal was in effect a remand. The district court docket sheet indicates an "intradistrict transfer" of the case to state court on February 12, 1993. Moreover, the docket sheet of the Middlesex Superior Court indicates on June 3, 1993, a "[r]etransfer to Sup[erior] C[ou]rt from U.S. District Court of Mass." The record also shows that the case is now proceeding in state court. Integrated Technology's contention that the district court order was a dismissal rather than a remand is without merit. Given that the district court order was a remand, the next question is whether the order was issued pursuant to 28 -3- U.S.C. 1447(c). If it were, 28 U.S.C. 1447(d) precludes appellate review of the order "whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 ________________________ _____________ (1976). Section 1447(c) provides that a court may remand a case to state court either "on the basis of any defect in removal procedures" or if "it appears that the district court lacks subject matter jurisdiction." The order in this case does not refer to section 1447(c) nor does it indicate that there was either a defect in removal procedure or a lack of jurisdiction.1 While the district court did not make explicit the basis for its remand order, it appears to have acted on the basis of a perceived defect in removal procedure. Datcom's motion to dismiss the petition for removal was predicated on its claim that, because the petition was filed after the default order had issued in state court, the "Petition for Removal was not timely filed." "[A]n untimely notice of removal" qualifies as a procedural defect under section 1447(c). FDIC ____ v. Cabral, 989 F.2d 525, 525 (1st Cir. 1992). As such, this ______ court is precluded from considering whether the district court was correct in its remand decision. Id. __ ____________________ 1. The order simply states that the "Motion to Dismiss is allowed, as case was in default in State Court when Petition _______ for Removal was filed." -4- Moreover, even if we were to find that the district court remand was not on the basis of section 1447(c), we still would not disturb the remand order. An order remanding a removed case is not appealable as a final judgment. Garcia v. Island Program Designers, No. 92- ______ ________________________ 1853, slip op. at 6-8 (1st Cir. Sept. 14, 1993); Doughty v. _______ Underwriters at Lloyds, London, et al, Nos. 93-1174, slip op. _____________________________________ at 7-11 (1st Cir. Oct. 18, 1993). Nor does the remand order in this case qualify as appealable under the collateral doctrine order. See Cohen v. ___ _____ Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949). _______________________________ To qualify under the Cohen test, a remand order must, inter _____ _____ alia, decide a "salient legal question that stands separate ____ and apart from the merits in th[e] case, that is, [a] 'collateral' issue." Doughty, slip op. at 12. In this case, _______ the "collateral" issue is which forum should resolve the dispute. However, "[d]etermining whether a state or federal court is to resolve an issue constitutes the definitive resolution of a collateral matter only when special circumstances exist." Id. at 13. No such special __ circumstances exist in the present case. Finally, this is not a proper case for the issuance of a writ of mandamus requiring the district court to vacate the remand order and to accept jurisdiction of the case. For one thing, appellant has not asked us to issue a prerogative -5- writ. For another thing, mandamus relief is discretionary with this court, Kerr v. United States Dist. Court for ____ ________________________________ Northern Dist., 426 U.S. 394, 403 (1975), and will only be _____________ granted when the challenged order is palpably erroneous and ___ when the petitioner has shown that he faces a special risk of irreparable harm, In re Pearson, 990 F.2d 653, 656 & n.4 (1st _____________ Cir. 1993) (collecting cases). "Interlocutory procedural orders . . . rarely will satisfy th[e] preconditions for mandamus relief." In re Recticel Foam Corp., 859 F.2d 1000, _________________________ 1006 (1st Cir. 1988). The mere fact that petitioner may prefer a federal forum is insufficient to establish a likelihood that petitioner will suffer irreparable harm by having its case litigated in the state system. Doughty, slip _______ op. at 22. Appeal dismissed. _________ -6-