**FDIC, Federal Deposit Insurance Corporation as Receiver of Vanguard Savings Bank, Plaintiff, Appellant,**

v.

**Paul KEATING, Individually; Paul F. Keating as Trustee of the PJ Three Realty Trust and of the Four "K" Trust; Lucille Samson as Trustee of the Kellogg Realty Trust; Lucille Samson and Paula J. Keating as Trustees of the 111 Allen Avenue Realty Trust; and Victoria Mutual Limited Partnership, Defendants, Appellees.**

No. 93–1230.

United States Court of Appeals, First Circuit.

Heard Oct. 5, 1993.

Decided Dec. 29, 1993.

Daniel H. Kurtenbach, with whom Ann S. Duross, Asst. Gen. Counsel, and Richard J. Osterman, Jr., Sr. Counsel, Washington, DC, were on brief, for plaintiff, appellant.

Philip D. Moran, Salem, MA, for defendants, appellees.

Before STAHL, Circuit Judge,
ROSENN,* and CAMPBELL, Senior Circuit Judges.

PER CURIAM.

In this appeal, plaintiff-appellant Federal Deposit Insurance Corporation (FDIC) asserts that the district court erred when it determined that 12 U.S.C. § 1819(b)(2)(B) (1988 & Supp. IV 1992) does not allow removal of a state court proceeding to federal district court during the pendency of a state appeal and after the window for post-judgment relief has closed. *See generally FDIC v. Keating,* 812 F.Supp. 8 (D.Mass.1993). We reverse and remand.

## I.

## BACKGROUND

On February 15, 1990, Vanguard Savings Bank (Vanguard) filed suit in Massachusetts state court against Paul F. Keating and several other individuals and entities to collect on a promissory note signed by Keating. After Vanguard foreclosed on the property securing the note, the case was tried and, on November 18, 1991, the state court entered a deficiency judgment. The parties did not file any motions for post-judgment relief. On December 11, 1991, defendants nevertheless filed a notice of appeal.

On March 27, 1992, the Massachusetts bank commissioner declared Vanguard insolvent. On May 13, 1992, the FDIC, having been confirmed as liquidating agent, was substituted into the state court case as receiver of Vanguard. On August 10, 1992, the FDIC timely removed the case to the United States District Court for the District of Massachusetts. *See* 12 U.S.C. § 1819(b)(2)(B).

Because no motions for post-judgment relief were pending (nor were any filed after removal), the district court found itself in the somewhat anomalous position of receiving a case that was solely appellate in nature. After a hearing at which the district court questioned its jurisdiction over the case, the court remanded the proceeding to state court. Relying on the dissent in *In re Meyerland Co.,* 960 F.2d 512, 522–26 (5th Cir. 1992) (en banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 967, 122 L.Ed.2d 123 (1993), the district court held that 12 U.S.C. § 1819(b)(2)(B) does not allow removal when a state appeal is pending. The court further held that, in any event, it lacked jurisdiction because (1) the time for filing post-judgment motions under both state and federal rules of procedure had elapsed;[1] (2) the court's original jurisdiction does not include mere processing of a state judgment for federal appeal; and (3) a district court cannot exercise appellate jurisdiction over a state trial court. Pursuant to 12 U.S.C. § 1819(b)(2)(C) (Supp.

---

* Of the Third Circuit, sitting by designation.

1. The district court's finding on the unavailability of post-judgment relief is not challenged on appeal and we therefore decline to review this aspect of its decision. We note, however, that at least two circuits have suggested that, even if post-judgment relief is no longer possible under state procedural rules, the time period for such relief under the federal rules begins on the date of removal. *See Jackson v. American Sav. Mortgage Corp.,* 924 F.2d 195, 199 & n. 9 (11th Cir.1991) ("[E]ven if state procedural rules contain a Rule 59–type motion ... and removal occurs during the running of the time for such a motion or after the time for such a motion has run, a party would still have ten days after removal to file a Rule 59 motion in federal district court."); *Resolution Trust Corp. v. Nernberg,* 3 F.3d 62, 68 (3d Cir.1993) (noting similarity between Resolution Trust and FDIC removal statutes and establishing circuit rule that "[i]n all cases removed to the district court after judgment has been entered by a state court, the parties may, within thirty days of the date the case is docketed in the district court, file motions to alter, modify, or open the judgment.").

IV 1992), the FDIC brought this appeal. *See Demars v. First Serv. Bank for Sav.*, 907 F.2d 1237, 1241 (1st Cir.1990) (noting that section 1819(b)(2)(C) creates an exception to the general rule against appellate review of remand orders).

## II.

## DISCUSSION

Our review of a district court's interpretation of a statute, a pure question of law, is plenary; however reasonable the district court's decision, we are free to exercise our independent judgment. *See United States v. Barker Steel Co., Inc.*, 985 F.2d 1123, 1125–26 (1st Cir.1993). In so doing, we must first decide whether 12 U.S.C. § 1819(b)(2)(B) permits removal of cases already tried and awaiting appeal in state court. If so, we must then determine the proper role of the district court when post-judgment relief is no longer available.

### 1. *Removal*

■ Both the plain language of the statute and circuit precedent support removal in this case. Congress authorized the FDIC to "remove any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90–day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B). While post-judgment removal may not be the statutory norm, Congress did not limit removal in this instance to any particular phase of a state court proceeding. *Cf.* 12 U.S.C. § 632 (1988 & Supp. IV 1992) (limiting removal by Federal Reserve member bank to "anytime before the trial"). Nor may the judicial branch impose such a limiting interpretation where, as here, the statutory language is unambiguous on its face and the result is not "demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). *See also Estate of*

*Kaw v. Commissioner, Me. Dep't of Human Servs.*, 951 F.2d 444, 445 (1st Cir.1991) ("'When we find the terms of [a] statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances.'") (quoting *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981) and *Paris v. Department of Hous. & Urban Dev.*, 843 F.2d 561, 569 (1st Cir.1988)).

In any event, we believe that the result in this case is controlled by our recent decision in *Putnam v. DeRosa*, 963 F.2d 480 (1st Cir.1992). In *Putnam*, after the completion of a state trial and the filing of a notice of appeal,[2] the National Credit Union Administration (NCUA) became conservator·for one of the defendants and removed the case to federal court. *See id.* at 483. In noting that "[a] special statute [12 U.S.C. § 1789(a)(2) (1988) ] gives [NCUA] the right to bring this appeal in federal court," we also had occasion to observe that section 1789(a)(2) is similar to section 1819(b)(2). *Id.* We continue to be impressed by the mutual resemblance of the two removal statutes, and conclude that section 1819(b)(2) gives FDIC the right to remove this case to federal court.

Perhaps, as the district court opined, removal of a state appellate proceeding is offensive to state courts and unnecessary for the achievement of legislative goals.[3] Indeed, we are not as confident as the Eleventh Circuit that "Congress itself has weighed interests of federalism and comity" in granting appellate removal power to the FDIC. *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir.1989) (per curiam) (analyzing predecessor to current FDIC removal statute). Nevertheless, Congress has clearly stated in section 1819(b)(2) that "any action, suit or proceeding" is removable. Accordingly, we join with every other circuit that has addressed the statutory language at issue in holding that the pendency of a state appeal does not bar removal under 12 U.S.C. § 1819(b)(2). *Accord In re Meyerland Co.*, 960 F.2d at 517; *In re Savers Fed. Sav. & Loan Ass'n*, 872 F.2d at 966; *cf. Nernberg, 3*

---

2. Our research confirms that a state notice of appeal was filed in *Putnam* despite the omission of this fact from our published opinion in that case.

3. The type of reflexive removal apparent in this case strikes us as particularly wasteful of scant economic and judicial resources. After all, the FDIC's predecessor was fully victorious at trial and received all the relief sought.

F.3d at 67 (holding that 12 U.S.C. § 1441a(*l*)(3)(A) (Supp. IV 1992), the removal statute for Resolution Trust Corporation, identical in relevant part to the FDIC removal provision, allows removal while state appeal is pending); *Lester v. Resolution Trust Corp.*, 994 F.2d 1247, 1251–52 (7th Cir.1993) (same); *In re 5300 Memorial Investors, Ltd.*, 973 F.2d 1160, 1162 (5th Cir.1992) (same); *Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir.1992) (similar), *cert. denied*, —— U.S. ——, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993).

### 2. The Role of the District Court

■ Where, as in this appeal, post-judgment relief is no longer available,[4] the district court shall adopt the decision of the state court as its own, prepare the record as required for appeal, and forward the case to the federal appeals court for review. *Accord In re Meyerland*, 960 F.2d at 520.[5]

■ Echoing the district court's memorandum, defendants suggest that the minimal nature of this clerical role for the district court indicates the absence of a "case or controversy," a necessary predicate to the exercise of federal jurisdiction under Article III of the Constitution. *See, e.g., Vote Choice, Inc. v. DiStefano*, 4 F.3d 26, 36 (1st Cir.1993). We find this argument unpersuasive. Despite the lack of post-judgment motions for the district court to decide, this case arrives at the federal doorstep with " 'questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process.' " *Santa Maria v. Owens–Illinois, Inc.*, 808 F.2d 848, 851 n. 5 (1st Cir.1986) (quoting *Flast v. Cohen*, 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968)). A contested appeal of a state court decision is clearly a "case or controversy" amenable to judicial intervention. The jurisdictional boundaries of Article III—which does not itself create

distinctions among the "inferior Courts" to be established by Congress—do not prevent a bona fide dispute from reaching a federal appeals court simply because the district court's role is limited by the awkward posture of a case removed during the pendency of a state appeal.

### III.

### CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court, vacate the order remanding the case to the state court, and remand the case to the district court for proceedings consistent with this opinion.

*So ordered.*

---

4. Without deciding the question, we assume that, following removal, a district court could entertain timely motions for post-judgment relief despite the fact that the trial took place elsewhere. *Cf. Nernberg*, 3 F.3d at 68 (allowing district court to accept motions to alter, modify or open the state court judgment).

5. In theory, a party need not file a second notice of appeal in federal court if the original notice of

appeal was adequate in the state court system. *In re Meyerland*, 960 F.2d at 520 (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 435–36, 94 S.Ct. 1113, 1122–23, 39 L.Ed.2d 435 (1974)). In practice, a party should do so as filing an additional notice of appeal would facilitate the administrative processing of the case in the federal system.