**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4519
_____

In re: WILLIAM STAHL & IRENE GADON STAHL,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:12-cv-01644)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2013

Before: AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed May 21, 2013)
_____

OPINION
_____

PER CURIAM

The procedural history of this case is complex and unusual.  As we write primarily

for the parties, who are familiar with it, we will refer to it only as much as necessary for

our analysis.  To begin, it suffices to say that the pro se[1] appellants appeal from the

---

[1] One of the appellants is a non-practicing attorney.  See Allen v. Aytch, 535 F.2d 817, 821-22  n.21 (3d Cir. 1976) (explaining that the liberal construction of pro se pleadings may not apply to those drafted with the assistance of the legally trained).

District Court's order dismissing their appeal from a Bankruptcy Court order denying their motion "To Declare Void the Civil Procedure in State Court in Violation of Bankruptcy Law Rule," and a subsequent District Court order denying reconsideration.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.[2] Our review of the District Court's order dismissing the appeal is plenary, see In re Heritage Highgate, Inc., 679 F.3d 132, 139 (3d Cir. 2012), and our review of the order denying reconsideration is for abuse of discretion, see Cureton v. NCAA, 252 F.3d 267, 272 (3d Cir. 2001).

The appellants contend that there is one question before us (and that it was the "only" question before the Bankruptcy and District Courts): whether a state court violated the "proceed no further" mandate after the appellants[3] had removed a case but

---

[2] The appellants' notice of appeal was filed within thirty days of the order denying their Fed. R. Civ. P. 59(e) motion. Although there appears to be an ambiguity in the electronic District Court docket entries regarding the timeliness of the Rule 59(e) motion (which would affect the scope of our jurisdiction, see Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012)), we are satisfied from our full review of the District Court docket, including paper documents, that the motion was timely. Accordingly, we consider the underlying judgment as well. See Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982).

[3] Unlike 28 U.S.C. § 1441(a), "the bankruptcy removal statute authorizes *any* 'party,' including plaintiffs, to remove" a case, Cal. Pub. Emps. Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 103 (2d Cir. 2004) (citing 28 U.S.C. § 1452(a)), and Bankruptcy Rule 9027 (and standing orders in the district courts) "transfer[] removed suits from district court to bankruptcy court." Townsquare Media, Inc. v. Brill, 652 F.3d 767, 770 (7th Cir. 2011).

2

before it was remanded back.[4]  See 28 U.S.C. § 1446(d); Fed. R. Bankr. P. 9027(c); In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220, 231 n.6 (3d Cir. 2002).  It was this state-court action that the appellants challenged in their "motion to declare void . . . ."  They also filed documents that suggested they were attempting to remove the state court action (or some aspect of it) again.[5]  Essentially, they want us to reverse the Bankruptcy Court's order denying their motion (and declining to declare the state court's action void) to the extent the issue was properly before it.  However, the District Court properly concluded that the Bankruptcy Court did not err in denying that motion.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that we may affirm on any basis supported by the record).

First, it is unclear under what authority the Bankruptcy Court would have had power to "declare void" the state action.  No adversary action was even pending at the time the appellants filed their motion.  Under the circumstances, the Bankruptcy Court lacked the power to modify the state-court judgment or otherwise enjoin proceedings.

---

[4] The matter was removed and an adversary proceeding opened on the eve of a state-court hearing on a motion for summary judgment.  The state court did not rule on that pending motion until the matter was remanded, but it did hold a hearing at the scheduled time.  (The state court also held another hearing after remand.)

[5] Although their motion could also have been interpreted as challenging the eventual summary judgment against them in state court, the appellants maintain they were not challenging that.  (As the Bankruptcy and District Courts explained, that challenge would be barred by the Rooker-Feldman doctrine in any event.  See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).)

3

See In re Prudential Ins. Co. of Am. Sales Practice Litig., 261 F.3d 355, 364 (3d Cir. 2001) (discussing the Anti-Injunction Act); In re Grand Jury Proceedings, 654 F.2d 268, 278-79 (3d Cir. 1981).

Further, even assuming that the eventual removal could cure the above deficiency, we are not convinced that the "second" removal was ever actually perfected because there is no evidence that the appellants complied with Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.[6] Cf. Resolution Trust Corp. v. Nernberg, 3 F.3d 62, 69 (3d Cir. 1993).

Finally, to the extent that the Bankruptcy Court entered another remand order

---

[6] Moreover, while we do not resolve the novel procedural question, it is not entirely clear to us whether the appellants could have effected a second removal. First, the second removal attempt was untimely. See Fed. R. Bankr. P. 9027(a)(3); Hernandez v. Brakegate, Ltd., 942 F.2d 1223, 1225 (7th Cir. 1991); Air-Shields, Inc. v. Fullam, 891 F.2d 63, 65 (3d Cir. 1989) (discussing the propriety of sua sponte remand). But see Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010) (noting that the removal time limit is not jurisdictional). Second, at the time of the second attempted removal, an appeal was pending in state court. Cases addressing the removal of state-court appeals are few in number, and generally pertain to specific removal statutes involving specific parties and subject areas. See, e.g., In re 5300 Mem'l Investors, Ltd., 973 F.2d 1160, 1161–62 (5th Cir. 1992) (approving of the removal of appeal by the Resolution Trust Corporation). By contrast, it is "not clear whether the general removal statutes permit appellate removal." In re Meyerland Co., 960 F.2d 512, 515 (5th Cir. 1992) (en banc); see also FDIC v. Keating, 12 F.3d 314, 316 (1st Cir. 1993) (observing that "post-judgment removal may not be the statutory norm"). Nothing of note in the state court altered the removability of the case; in both removal notices, the appellants proceeded on identical theories. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996) (allowing for multiple removal attempts so long as there are different "grounds" upon which removal is premised). In any event, the appellants clearly state that they wish to proceed with their case in the state, not the federal, forum. Inf. Brief at 27. As they explain, they have never challenged the initial remand order and wish for their case to proceed in state court. Id.

with its decision in the event that appellants had succeeded in removing the matter again, it is unclear whether that order was in fact appealable. Remand orders are generally not appealable. See, e.g., 28 U.S.C. § 1452(b); Townsquare Media, Inc. v. Brill, 652 F.3d 767, 768–69 (7th Cir. 2011).

For these reasons, we will affirm the District Court's rulings dismissing the appeal and denying reconsideration. The appellees' motion to supplement the record is granted and the appellants' motion to expedite is denied as moot.