J-S75017-16

2016 PA Super 223

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR FIRST CORNERSTONE BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EDWARD FILBY AND TENANT/OCCUPANT | |
| APPEAL OF: EDWARD L. FILBY | |
| | No. 700 EDA 2016 |

Appeal from the Order Entered February 10, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2014-10792-RC

BEFORE: BOWES, J., MOULTON, J., and MUSMANNO, J.

OPINION BY MOULTON, J.: **FILED OCTOBER 13, 2016**

In this action for ejectment brought by First Cornerstone Bank, Appellant Edward L. Filby appeals from two orders entered on February 10, 2016, in the Court of Common Pleas of Chester County. In light of the filing of a notice of removal during the pendency of the appeal by substituted Appellee Federal Deposit Insurance Corporation ("FDIC"), we stay this matter pending final disposition in, or remand from, federal court.

On February 10, 2016, the trial court entered two orders – one granted summary judgment in favor of First Cornerstone Bank and the other struck Filby's counterclaims. Filby filed a notice of appeal on March 9, 2016, claiming that the trial court erred as a matter of law by concluding that

Filby's counterclaims constituted an improper collateral attack on the earlier sheriff's sale of the property in question. During the pendency of this appeal, First Cornerstone Bank became insolvent. The Secretary of the Pennsylvania Department of Banking and Securities and the FDIC agreed that the FDIC would act as a receiver for First Cornerstone Bank. On June 13, 2016, First Cornerstone Bank petitioned this Court to substitute the FDIC as the Appellee, in its capacity as Receiver for First Cornerstone Bank. On August 12, 2016, this Court granted the substitution in a *per curiam* order.

On August 16, 2016, the FDIC filed a notice of removal with the United States District Court for the Eastern District of Pennsylvania. On September 6, 2016, the FDIC filed a copy of the notice with this Court and served the notice on Filby.[1] The FDIC asserts that pursuant to 12 U.S.C. § 1819(b)(2)(B) it has a statutory right to remove the pending appeal to federal court.[2]

_____

[1] This Court has not received a brief from the FDIC. Filby filed his brief on July 25, 2016. Under Pennsylvania Rule of Appellate Procedure 2815(a)(1), the FDIC's brief would have been due August 25, 2016. The FDIC, because it filed its Notice of Removal to federal court before that date, presumably believed that it did not need to file a brief with this Court.

[2] The statute provides in relevant part:

> Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is

*(Footnote Continued Next Page)*

Ordinarily, removal occurs while the case is pending in the trial court, *see, e.g. Wenrick v. Schloemann-Siemag Aktiengesellschaft*, 522 A.2d 52 (Pa.Super. 1987), *aff'd on other grounds*, 564 A.2d 1244 (Pa. 1989), and we have found no Pennsylvania authority addressing removal by the FDIC of a case on appeal. At least two United States Courts of Appeal, however, have allowed the FDIC, acting as a receiver, to remove state appellate actions to federal court. *See, e.g. Fed. Deposit Ins. Corp. v. Keating*, 12 F.3d 314 (1st Cir. 1993) (allowing FDIC to remove then pending state appeal to federal district court); *Matter of Meyerland Co.*, 960 F.2d 512 (5th Cir. 1992) (en banc) (confirming FDIC's ability to remove *any* action in a state court to appropriate federal district court based on plain language of 12 U.S.C. § 1819). And the Court of Appeals for the Third Circuit permitted the Resolution Trust Corporation, with statutory removal authority similar to that of the FDIC, to remove to federal court a case then pending in this Court. *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62 (3d. Cir. 1993).

To comply with the federal removal statute, a party seeking removal must: (1) file a notice of removal with the United States district court; (2) file a copy of the notice of removal with the clerk of the State court; and (3) give written notice to all adverse parties. 28 U.S.C. § 1446(a), (d). When

*(Footnote Continued)* ————————————

filed against the [FDIC] *or the [FDIC] is substituted as a party*.

12 U.S.C. § 1819(b)(2)(B) (emphasis added).

the moving party meets these requirements, removal to the federal court is complete and "the State Court shall proceed no further unless and until the case is remanded." *Id.* § 1446(d). The FDIC complied with the statute by filing its notice of removal with the district court, filing a copy with the Prothonotary of the Superior Court, and serving a copy upon Filby. This Court is therefore without jurisdiction to proceed with the appeal.

In light of the command contained in section 1446(d), we are compelled to stay the appeal pending final disposition in federal court. This Court has found that the filing of a petition for removal "has the effect of statutory stay of further state proceedings." *Wenrick*, 522 A.2d at 54. If, after removal, the federal court finds that the removal was improper, federal law provides that it shall remand the matter to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . . The State Court may thereupon proceed with such case."). If the district court or the United States Court of Appeals for the Third Circuit were to make such a ruling, then this Court would regain jurisdiction over the appeal.[3] We therefore stay the appeal pending final disposition in, or

_____

[3] What the federal *district* court should do with a case removed from a state *appellate* court is a question not before us, though it has been addressed elsewhere. *See Keating*, 12 F.3d at 317 ("Where . . . post-judgment relief is no longer available, the district court shall adopt the decision of the state court as its own, prepare the record as required for appeal, and forward the case to the federal appeals court for review").

remand from, federal court and direct the FDIC to notify the Prothonotary of the Superior Court as to any such disposition.

Appeal stayed. Panel jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2016