# United States Court of Appeals
## For the First Circuit

No. 19-1845

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Doral Bank,

Plaintiff, Appellant,

v.

CONSTRUCTORA JAPIMEL, INC.,

Defendant, Appellee,

MAPFRE PRAICO INSURANCE CO. OF PUERTO RICO,

Defendant, Third-Party Plaintiff, Appellee,

and

ECHANDI GUZMAN & ASSOCS., INC., Echandi, Inc.; EFRAIN ECHANDI-
OTERO; ACE INSURANCE CO.,

Third-Party Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lynch, Selya, and Lipez,
Circuit Judges.

Duncan N. Stevens, with whom Colleen J. Boles and J. Scott
Watson were on brief, for appellant.
Manuel Sosa, with whom Ian P. Carvajal and Saldaña, Carvajal

& Vélez-Rivé, P.S.C._ were on brief, for appellee Constructora Japimel, Inc.

————————————

November 24, 2020

————————————

**LYNCH**, **Circuit Judge**.  The Federal Deposit Insurance Corporation ("FDIC") appeals from a March 2019 order remanding this removed case to Puerto Rico's Court of First Instance.  We hold that the district court erred when, contrary to the text of 12 U.S.C. § 1819(b)(2)(B), it remanded to the local Puerto Rico court a suit asserting claims by Constructora Japimel, Inc. ("Japimel") against Doral Bank ("Doral"), a failed bank, after the FDIC had become Doral's receiver, had filed a notice of substitution in state court to become a party to the suit, and had timely removed the suit to federal court.

## I.  Facts and Procedural History

On February 14, 2007, Pórtico del Sol, Inc. ("Pórtico") contracted with Japimel to build a housing project in Carolina, Puerto Rico.  Mapfre Praico Insurance Company ("Mapfre") guaranteed Japimel's performance.  Pórtico financed the project through Doral.  The project was never finished.

In October 2009, Doral[1] sued Japimel and Mapfre in Puerto Rico's Court of First Instance alleging breach of contract. Japimel counterclaimed, alleging that Doral breached the contract, acted in bad faith, and violated Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.  It sought

---

[1]     Through contracts entered into in March 2007 and May 2009, Pórtico assigned Doral its rights and obligations related to the project.

$6,317,865.67 in damages plus costs and attorneys' fees.  Mapfre also counterclaimed for breach of contract and sought $4,317,865.67 in damages plus costs and attorneys' fees.  The contract contained an arbitration clause.  In February 2012, the Court of First Instance stayed the case pending arbitration.

Three years later, on February 27, 2015, Puerto Rico's Office of the Commissioner of Financial Institutions determined that Doral had failed and appointed the FDIC as Doral's receiver. In March 2015, the FDIC sold Doral's Pórtico loan to Bautista REP PR Corp. ("Bautista").  Japimel sent a Proof of Claim to the FDIC on June 4, 2015, describing Japimel's claim against Doral.  The FDIC disallowed this claim on December 2, 2015.  It told Japimel that Doral's obligation had been assumed by Bautista.  It also told Japimel that if it did not agree with the disallowance of its claim, it could dispute the disallowance pursuant to 12 U.S.C. § 1821(d)(6).

Meanwhile, on June 15, 2015, Bautista moved to substitute itself for Doral in the arbitration proceeding involving Doral, Japimel, and Mapfre.  Japimel opposed this motion. The arbitration panel did not substitute Bautista for Doral.[2]

---

[2] The arbitrators could not decide whether substitution was appropriate.  They stated that, without more information, they did not know if Bautista's purchase of Doral's loan to Pórtico also included Pórtico's contractual claims against Japimel.  They demanded that Bautista provide details of its transaction with the FDIC.  Instead of complying, Bautista filed a motion for

- 4 -

Bautista also moved to substitute itself for Doral in the Court of First Instance on June 23, 2015. The court determined that it lacked jurisdiction to substitute Bautista for Doral because of the pending arbitration. Doral remained a party to the suit.

On February 22, 2018, the FDIC filed a notice of substitution to substitute itself for Doral in Doral's action against Japimel and Mapfre in the Court of First Instance.[3] The next day, it removed the case to the U.S. District Court for the District of Puerto Rico under 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1).

On March 16, 2018, Japimel moved to remand the case to the Court of First Instance. The FDIC opposed Japimel's motion and moved to dismiss all of Japimel's claims against it.

The district court granted Japimel's remand motion and denied the FDIC's motion to dismiss as moot. The court acknowledged that the plain language of § 1819(b)(2)(B) says that

---

reconsideration. It later sought injunctive relief from the Court of First Instance to stay the arbitration panel's discovery request, but the court refused to consider Bautista's motion because Bautista was not a party to Doral's suit against Japimel and Mapfre.

[3] At oral argument, the FDIC explained that it waited to substitute itself for Doral and remove the case because it originally expected Bautista and Japimel to work out the terms of Bautista's substitution for Doral on their own. It took action only after Bautista and Japimel had reached an impasse.

the FDIC has the right to remove a case to federal court if the FDIC is a party to it.  It also acknowledged that other courts have held that whether a state court has approved the FDIC's substitution is irrelevant to removal under § 1819(b)(2)(B) because a state court is "statutorily 'compelled' to grant [the] FDIC's substitution request."

Nonetheless, the district court granted the motion to remand over the objection of the FDIC.  As for its reasons, the court said that the plain language of § 1819(b)(2)(B) and the precedent the FDIC cited "presuppose[] that the underlying substitution request triggering the FDIC's removal right was appropriate."  It held that the FDIC "has no standing to remove in 2018 a case that involves [a loan] . . . it had already sold to Bautista."  It remanded the case to the Court of First Instance on March 22, 2019.  The FDIC filed a motion for reconsideration, which the district court denied.

The FDIC timely appealed the remand order[4] and the denial of its motion to dismiss.

## II.  Legal Analysis

Our review of the district court's remand order, which turned on the interpretation of a statute, is plenary.  See Fayard

---

[4]     While remand orders are generally not reviewable, see 28 U.S.C. § 1447(c), 12 U.S.C. § 1819(b)(2)(C) allows the FDIC to "appeal any order of remand entered by any United States district court."

- 6 -

v. <u>Ne. Vehicle Servs., LLC</u>, 533 F.3d 42, 45 (1st Cir. 2008); <u>F.D.I.C.</u> v. <u>Keating</u>, 12 F.3d 314, 316 (1st Cir. 1993).

The FDIC argues that the district court erred by remanding the case to the Court of First Instance. It says that the FDIC is a party to the case and that the text of § 1819(b)(2)(B) forbids the district court from remanding to state court a case the FDIC has removed. Japimel argues that the FDIC, having sold Doral's loan and associated liabilities to Bautista, is not a real party in interest and had no right to remove the case to federal court under § 1819(b)(2)(B).

The text of 12 U.S.C. § 1819(b)(2)(B) says:

> [T]he Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

The statute defines "state" to include Puerto Rico. 12 U.S.C. § 1813(a)(3). There is an exception to the FDIC's ability to remove cases under certain conditions, <u>see</u> 12 U.S.C. § 1819(b)(2)(D), but they are not present here. Japimel does not argue that § 1819(b)(2)(D) applies.

When interpreting a statute, "courts must presume that a legislature says in a statute what it means and means in a statute what it says." <u>Barnhart</u> v. <u>Sigmon Coal Co.</u>, 534 U.S. 438,

461-62 (2002) (quoting <u>Conn. Nat'l. Bank</u> v. <u>Germain</u>, 503 U.S. 249, 253-54 (1992)). When a statute's text is unambiguous, "judicial inquiry is complete." <u>Id.</u> at 462 (quoting <u>Conn. Nat'l. Bank</u>, 503 U.S. at 254). The text of § 1819(b)(2)(B) is clear and unambiguous: When the FDIC is substituted as a party to a case in state court, it can remove the case to federal court within ninety days. The failure of the district court to adhere to the text was obvious error. The statute does not permit it to act as it did.

A district court has no discretion to remand a case removed under § 1819(b)(2)(B) provided the statute's requirements are satisfied. Nothing in the statute's text permits the district court to inquire into whether the FDIC should be a party to the case or whether the FDIC's notice of substitution was appropriate under the circumstances. The fact that the FDIC has become a party to the case is sufficient for removal. This court stated this proposition clearly in 1992. <u>See</u> <u>F.D.I.C.</u> v. <u>Cabral</u>, 989 F.2d 525, 526 (1st Cir. 1992) ("Section 1819(b)(2)(B) authorizes removal by the FDIC whenever it is a party."); <u>see also</u> <u>Castleberry</u> v. <u>Goldome Credit Corp.</u>, 408 F.3d 773, 784 (11th Cir. 2005) ("[T]he plain language of § 1819 requires that the action be 'filed'; it does not require that an action be <u>properly</u> filed."); <u>Mizuna, Ltd.</u> v. <u>Crossland Fed. Sav. Bank</u>, 90 F.3d 650, 655 (2d Cir. 1996) ("12 U.S.C. § 1819(b)(2)(B) . . . provides for removal solely by virtue of the fact that the FDIC is a party.").

- 8 -

The parties to the state court case immediately prior to the FDIC's substitution of itself for Doral were Doral, Japimel, and Mapfre. The FDIC succeeded to "all rights, titles, powers, and privileges" of Doral when it became Doral's receiver. 12 U.S.C. § 1821(d)(2)(A). The Court of First Instance never substituted Bautista for Doral. Doral was still a party when the FDIC filed its notice of substitution in the Court of First Instance on February 22, 2018.

Contrary to Japimel's argument that the FDIC cannot be a party because it sold Doral's loan to Bautista, the FDIC immediately became a party when it filed its notice of substitution. See F.D.I.C. v. N. Savannah Properties, LLC, 686 F.3d 1254, 1260 (11th Cir. 2012) ("[T]he FDIC is automatically substituted for the failed institution as a matter of federal law the moment that it files a notice of substitution in court."); Allen v. F.D.I.C., 710 F.3d 978, 982 (9th Cir. 2013) ("Substitution of the FDIC for a failed bank is essentially a ministerial matter . . . . The FDIC is appointed receiver when a bank has failed and the FDIC, upon substitution, immediately becomes the real party in interest."). As a party, the FDIC could remove the case to federal court under § 1819(b)(2)(B). The district court erred by ignoring § 1819(b)(2)(B)'s clear language and remanding the case to the Court of First Instance.

## III.

Reversed.  We remand for further proceedings, including the resolution of the FDIC's motion to dismiss.  Costs are awarded to the FDIC.