23-7907
Villa Villa v. Blanche

BIA
Mungoven, IJ
A216 904 651/652/653

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

MARLON RAMIRO VILLA VILLA,
JESSICA LISSETH TELLO CASTRO,
I.D.V.T.,
> *Petitioners,*

> **v.**                                                        **23-7907**
>                                                                  **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

*Respondent.*[*]

_____

**FOR PETITIONERS:**          Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General; Nancy Friedman, Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Marlon Ramiro Villa Villa, his wife Jessica Lisseth Tello Castro, and their minor child, natives and citizens of Ecuador, seek review of an October 31, 2023 decision of the BIA affirming a July 29, 2022 decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Villa Villa,* Nos. A 216 904 651/652/653 (B.I.A. Oct. 31, 2023), *aff'g* Nos. A 216 904 651/652/653

---

[*]     The Clerk of Court is directed to amend the caption as set forth above.   Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent..

[1]     We principally refer to Villa Villa because the other petitioners relied on his allegations.

(Immig. Ct. N.Y.C. July 29, 2022). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to deny the petition.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum and Withholding of Removal

An applicant for asylum or withholding of removal has the burden to demonstrate (1) past persecution or a well-founded fear or likelihood of future persecution and (2) that a protected ground—here, race—"was or will be at least one central reason for persecuting the applicant."[2] 8 U.S.C. § 1158(b)(1)(B)(i); *see*

---

[2] On appeal, Villa Villa does not address the agency's conclusion that his proposed particular social group—"Mestizo Ecuadorian men who resist[] gang recruitment," Certified Admin. Rec. at 135—was not defined with sufficient particularity and was not socially distinct. Therefore, he has abandoned any challenge to this finding. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("'We consider abandoned any claims not adequately presented in the appellant's brief,' and an appellant's failure to make 'legal or factual arguments' constitutes abandonment." (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir.

3

*also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (affirming BIA's application of asylum's "one central reason" standard to withholding of removal).[3]  To qualify as "persecution," harm must be sufficiently severe and rise above "mere harassment."  *Ivanishvili v. United States Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006); *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" (quoting *Ai Feng Yuan v. United States Dep't of Just.*, 416 F.3d 192, 198 (2d Cir. 2005))).  In addition, "the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is 'unable or unwilling to control.'"  *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quoting *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)).

The agency found that the bullying Villa Villa experienced as a child did not rise to the level of persecution and that while the gang abuse he experienced as an adult was more serious, he failed to establish that his race was one central reason

---

1997))).

[3]    Villa Villa's argument that withholding of removal has a different nexus standard overlooks this binding precedent—which the BIA brought to his attention in its decision.

4

for it.[4]   Villa Villa does not identify evidence supporting a contrary conclusion.

As to the severity of harm, Villa Villa asserts (without citation) that there was persecution because he and his family suffered taunts, threats, and multiple "savage beatings."[5]   Petitioners' Br. at 6–7.   It is not clear whether Villa Villa is referring to the childhood incidents that the agency found insufficiently severe. In any event, Villa Villa does not make any argument challenging the IJ's conclusion that these incidents did not rise to the level of persecution.

As to nexus, Villa Villa asserts (again without citation) that it is "clear" that his "Indigenous race" was one central reason for his family's abuse because of the "abundant taunts about their skin color and ethnicity."   Petitioners' Br. at 6. However, the record supports the IJ's conclusion that Villa Villa's race was not one central reason for his later abuse by a gang.   General crime and violence in a country is not a ground for asylum and withholding of removal.   *See Melgar de Torres v. Reno*, 191 F. 3d 307, 313–14 (2d Cir. 1999).   "The applicant

---

[4]    Contrary to Villa Villa's assertion here, the agency did not deny asylum or withholding of removal based on late filing or abandonment of claims.

[5]    Villa Villa asserts here that his "family was savagely beaten multiple times" but, before the agency, Villa Villa did not claim, nor did he offer any evidence, that anyone besides himself was beaten. Petitioners' Br. at 7.   We note that attorney Michael Borja has used identical language in other briefs.   *See, e.g.*, *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order).

must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's [claimed protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Villa Villa alleged that gang members once told his wife that she deserved better than an Indian, but when asked why they later pressured him to sell drugs, he testified that they merely wanted to bother him. Someone later burglarized Villa Villa's house, but the burglar stole valuable property, and Villa Villa did not testify that the crime was committed in a manner suggesting the burglar acted on non-financial motives. And Villa Villa testified that, after the burglary, he confronted the gang member he suspected and threatened to make a police report, in response to which the gang member angrily assaulted him. Villa Villa did not allege, however, that the gang member mentioned his race or other facts suggesting a motive for this behavior other than anger at Villa Villa's threat. *See Quituizaca*, 52 F.4th at 114–15 (record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives).

**II. CAT**

A CAT applicant has the burden to demonstrate that he is "more likely than

not" to be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Villa Villa's argument that the IJ failed to consider his CAT claim is belied by the record, which contains the IJ's explanation for denying CAT relief. We discern no error in the IJ's conclusion that Villa Villa failed to establish a likelihood of experiencing violence amounting to torture, or in the IJ's determination that Villa Villa adduced "insufficient evidence to show that [the Ecuadorian police or government is] unable or unwilling" to prevent such violence, "much less" that it would "acquiesce to such harm." Certified Admin. Rec. at 59. Villa Villa's cursory argument to the contrary is unavailing.

Given the issues with the briefing by petitioners' counsel, Michael Borja, a copy of this order will be forwarded to this Court's Grievance Panel. As outlined above, the petitioners' brief abandons issues, provides insufficient citations for arguments, and misrepresents the factual record. *See* Fed. R. App. P. 28(a).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court